UNITED STATES, Appellee

v

ROY W. POLITANO, Airman First Class, U. S. Air Force, Appellant

14 USCMA 518, 34 CMR 298

*Major James E. Caulfield* argued the cause for Appellant, Accused. With him on the brief was *Colonel Daniel E. Henderson, Jr.*

*Major Neil Kasdan* argued the cause for Appellee, United States. With him on the brief was *Colonel Emanuel Lewis.*

## Opinion of the Court

KILDAY, Judge:

Brought to trial before a general court-martial convened at Fairchild Air Force Base, Washington, accused was acquitted of one worthless check offense, but convicted of two others and, in addition, failing to obey a lawful order, bigamy, and communicating a threat, violations of Articles 123a, 92, and 134, Uniform Code of Military Justice, 10 USC §§ 923a, 892, and 934, respectively. The court members assessed accused's sentence at dishonorable discharge, total forfeitures, confinement at hard labor for two years, and reduction to the lowest enlisted grade. The convening authority set aside the findings of guilty on the two check offenses because of instructional error, and reduced the period of imprisonment to eighteen months, but otherwise approved the findings and sentence. Thereafter, a board of review further reduced the term of confinement to one year and three months but affirmed in all other respects.

The Judge Advocate General of the Air Force invoked the jurisdiction of this Court under Article 67(b)(2), Uniform Code of Military Justice, 10

USC § 867, by certifying the following issue to us for our consideration:

Was the board of review correct in its determination that, under the circumstances of the case, the law officer did not abuse his discretion in denying accused's motion to change his pleas from guilty to not guilty with respect to specifications 1 and 2 of Charge I and Charge I, and to the specification of Charge II and Charge II?

The facts giving rise to this issue are as follows. Upon accused's arraignment, the defense interposed several preliminary motions for relief.[1] The motions were denied, whereupon accused entered pleas of not guilty to all offenses. The trial proceeded regularly, with the prosecutor developing the Government's case against accused until the defense advised the court-martial, shortly after the noon recess, that accused desired to change his pleas.[2] After satisfying himself that accused understood the meaning and effect of his action, the law officer accepted pleas of guilty to all offenses as charged.

Findings of guilty were duly re-

---

[1] Said motions covered a requested continuance to obtain certain testimony; an assertion of denial of speedy trial; and a claim of lack of jurisdiction over one offense. None of them are pertinent to the certified issue before us, and we mention the motions only to set forth more fully the entire back-ground against which the law officer considered the problem.

[2] This change of plea occurred, it may be noted, just after the law officer had admitted into evidence the second of two written pretrial confessions subscribed by accused under oath.

turned by the court members on all counts, and trial proceeded to the presentence phase. In the course thereof accused testified, under oath, as a witness in his own behalf. His testimony relative to the three bad check offenses, laid under the Additional Charge, was inconsistent with his pleas of guilty to those offenses. Accordingly, the law officer, over individual civilian defense counsel's objection, ordered accused's pleas to the Additional Charge and its three specifications of making worthless checks changed to not guilty.

Thereupon, the defense asked that either the pleas to *all* charges and specifications be changed back to not guilty, or that a mistrial be declared. The law officer refused to grant the motion for mistrial. Further, stating his belief that it was not mandatory to honor a request to withdraw a guilty plea and substitute one of not guilty, the law officer declined, under the circumstances, to permit accused to withdraw his pleas of guilty to the specifications of Charges I and II.

Additional evidence was then heard as to the worthless check offenses, and the court-martial was given instructions with regard thereto. Further proceedings yielded the results previously recounted, with the board of review ultimately overruling the defense contention asserted at that level, that the law officer abused his discretion by failing to allow accused to change all his pleas to not guilty.

I

The phraseology of the certified question is, of course, in the same terms as the defense assignment of error rejected by the board of review. Nevertheless, appellate defense counsel here point out, and the Government agrees, that there is inherent in the certified issue the underlying question of whether an accused has an unrestricted right to change his pleas of guilty at any time after findings and prior to announcement of sentence. Indeed, the board of review treated the assignment on that basis.

Article 45(a), Uniform Code of Military Justice, 10 USC § 845, provides, with regard to pleas of the accused:

"If an accused arraigned before a court-martial makes an irregular pleading, or after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect, or if he fails or refuses to plead, a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty."

The Manual for Courts-Martial, United States, 1951, paragraph 70a, reiterates that same rule. With more particular reference to the matter presently before us, the Manual then goes on to state, in paragraph 70b, at page 109:

"Whenever an accused, in the course of trial following a plea of guilty, makes a statement to the court, in his testimony or otherwise, inconsistent with the plea, the court will make such explanation and statement as the occasion requires. If, after such explanation and statement, it appears to the court that the accused in fact entered the plea improvidently or through lack of understanding of its meaning and effect, or if the accused does not voluntarily withdraw his inconsistent statement, the court will proceed to trial and judgment as if he had pleaded not guilty. See Article 45a. Occasion for making this explanation and statement frequently arises in desertion cases when the accused, after pleading guilty testifies or states in effect that throughout his unauthorized absence he had the intention of returning. *When, after a plea of guilty has been received, the accused asks to be allowed to withdraw it and substitute a plea of not guilty or a plea to a lesser included offense he should be permitted to do so.* Whenever a plea of guilty previously entered is set aside the prosecution will be given an opportunity to reopen its case and produce any available evidence which it did not introduce in view of the plea of guilty." [Emphasis supplied.]

The defense places substantial reliance on the emphasized language quoted above. It is asserted that it simply reiterates the obvious mandate of Article 45(a), Uniform Code of Military Justice, supra. Further, it is urged that in promulgating that Manual provision the President was exercising his authority to prescribe modes of proof or rules of procedure under Article 36, Uniform Code of Military Justice, 10 USC § 836. See United States v Smith, 13 USCMA 105, 32 CMR 105. Additionally, appellate defense counsel invite our attention to two decisions by Army boards of review as upholding an accused's absolute right to withdraw pleas of guilty at any time prior to announcement of sentence. United States v Yelverton, 26 CMR 586; United States v Blackmon, 27 CMR 783. Finally, the defense refers us to this Court's unanimous opinion in United States v Kepperling, 11 USCMA 280, 284, 29 CMR 96, where an accused attempted to change his guilty plea at a rehearing on sentence alone. In that instance we stated:

". . . Therefore, we agree, to use the language of the board on the second appeal, that the unqualified right to change one's plea of guilty merely upon request extends to, but not beyond, announcement of sentence 'at the trial *then and there in progress.*' While accused may have been able to withdraw his guilty plea with or without reason up to that point, thereafter he no longer enjoyed an absolute right to do so." [Emphasis in original text.]

Although we have no wish to unduly lengthen this opinion, we do desire to clear up any uncertainty ▇ as to this matter. Initially, it should be noted that Article 45(a) of the Code, supra, certainly does not require a law officer to allow a change of guilty pleas merely upon request. Neither,

surely, does its language cause such result indirectly. As was stated in *Kepperling,* supra, at page 284:

". . . [C]ounsel contended at trial and repeats at this level, that the stated desire to change the plea was inconsistent with it and thereby rendered it improvident. Again we must disagree. . . . [T]he wish to change one's tactics and force the prosecution to prove one's criminality does not show improvidence of a plea to the merits. It is merely a strategic device to shift the Government's burden from proving by plea to establishing by testimony."

We turn, then, to the provisions of paragraph 70*b* of the Manual, supra. Do they grant an accused the unrestricted right to withdraw guilty pleas after findings have been returned? Again, we think not.

The specific language of the paragraph with which we are concerned enjoins that when an "accused asks to be allowed to withdraw . . . [a guilty plea] and substitute a plea of not guilty . . . he should be permitted to do so." First, it is noteworthy that the framers of the Manual used the word "should,"[3] rather than "shall," even though the latter verb is used repeatedly in other portions of paragraph 70. Had mandatory action been contemplated as to this particular item, the more imperative word employed elsewhere in the paragraph could have been used. See, in this connection, United States v Bernacki, 13 USCMA 641, 33 CMR 173.

In addition to use of the word "should" rather than "shall" in the Manual provision, it is to be noted that, according to the language of the very sentence accused relies upon, he must *ask to be allowed* to withdraw his plea. It thus becomes clear mandatory relief was not contemplated simply upon request. Otherwise the requirement that an accused ask permission

---

[3] Webster's New International Dictionary, Unabridged, 2d ed, page 2322, as appellate Government counsel point out, indicates that the meaning of "should" varies with the manner of its usage. Webster lists the meaning "was bound to" at the very end of its discussion with the caption "obsolete." "Ought"—more permissive than "must" or "shall"—is listed as a synonym.

becomes meaningless. It is axiomatic that constructions harmonizing possibly conflicting terms and provisions are favored, and an interpretation vesting discretion in the law officer gives force to both of the above terms.

We conclude, therefore, that paragraph 70*b* of the Manual, supra, vests no absolute right in an accused to withdraw guilty pleas at his whim or caprice. And we note that an Air Force board of review made the same evaluation in United States v Hodges, 20 CMR 754. It held that, while paragraph 70*b* of the Manual is suggestive of liberality in granting such requests, whether a law officer should allow withdrawal of guilty pleas is a discretionary matter.

It should be noted, moreover, that such a determination is wholly in conformity with the rule followed in Federal practice. Rules 11 and 32(d) of the Federal Rules of Criminal Procedure, Title 18, United States Code, closely parallel the provisions of the Code and the Manual pertinent to entry and withdrawal of guilty pleas, and the decisions thereon as to withdrawal of guilty pleas prior to sentence are in harmony with the conclusion we reach. The principle may fairly ■ be stated, as the board of of review pointed out in the case at bar, that a motion for leave to withdraw a guilty plea is not allowed as a matter of right, but is within the sound discretion of the trial court. See Rachel v United States, 61 F2d 360 (CA 8th Cir) (1932); United States v Denniston, 89 F2d 696 (CA 2d Cir) (1937); United States v Fox, 130 F2d 56 (CA 3d Cir) (1942); United States v Colonna, 142 F2d 210 (CA 3d Cir) (1944); Bergen v United States, 145 F2d 181 (CA 8th Cir) (1944); Goo v United States, 187 F2d 62 (CA 9th Cir) (1951); Williams v United States, 192 F2d 39 (CA 5th Cir) (1951); Friedman v United States, 200 F2d 690 (CA 8th Cir) (1952); Richardson v United States, 217 F2d 696 (CA 8th Cir) (1954); United States v Swaggerty, 218 F2d 875 (CA 7th Cir) (1955); Hoyt v United States, 252 F2d 460 (CA 10th Cir) (1958); Gearhart v United States, 272 F2d 499 (CA DC Cir) (1959); United States v Moore, 290 F2d 501 (CA 2d Cir) (1961); United States v Smiley, 322 F2d 248 (CA 2d Cir) (1963).

We are not persuaded that the decision of this Court in United States v Kepperling, supra, militates in anywise against the conclusion we reach. True enough, in light of the facts of that case we noted our agreement with the board of review's statement "that the unqualified right to change one's plea of guilty merely upon request extends to, but not beyond, announcement of sentence 'at the trial *then and there in progress.'* " But, it must also be noted that immediately after that portion of our opinion, we added this further statement:

> " . . . While accused *may* have been able to withdraw his guilty plea with or without reason up to . . . [the point of sentence at his original trial], thereafter he no longer enjoyed an absolute right to do so." [Emphasis supplied.]

When our opinion in the *Kepperling* case is considered in context, it becomes apparent—just as the board of review noted—that the language seized upon by appellate defense counsel is simply an expression of dicta. Thereby we merely indicated our belief that, even assuming accused at his first trial might have been free to withdraw his plea for any or no reason, he enjoyed no absolute right to do so at a rehearing on sentence alone.

Furthermore, the careful reader should note that the choice of language in *Kepperling* was not at all fortuitous. To the contrary, it was quite deliberate. Thus, at page 282 of our opinion, it was expressly pointed out that, at Kepperling's initial trial, the law officer had told him prior to accepting his guilty plea, that he was free to withdraw the same at any time prior to announcement of sentence. Records coming before this Court reflect that similar advice is frequently given to individuals entering pleas of guilty, as it was to Kepperling. In such a case, a different situation is presented than the one before us in the present instance. Obviously, affirmative mis-

leading of an accused to his detriment, whether unintentionally or even paternalistically, may not be countenanced.[4]

No such advice was given to accused in the case at bar. Manifestly, when the language in *Kepperling*, supra, is taken in context and considered in light of the facts of that case, accused may gain no comfort from it. No more now than then do we favor a grudging attitude on the part of the law officers in exercising their discretion, but we find nothing in *Kepperling* inconsistent with the conclusion we reach here. Indeed, although we, along with the board of review in the instant case, commend a liberal approach to requests to withdraw and change guilty pleas—to the end that the interests of fairness and justice be served in all instances—we cannot subscribe to a rule of law which would permit an accused, even though such situations be infrequent, to play fast and loose with a court-martial. As Chief Judge Quinn aptly pointed out in United States v Wolfe, 8 USCMA 247, 24 CMR 57, a criminal trial is not a game.

Neither the Uniform Code of Military Justice, the Manual for Courts-Martial, nor any other persuasive authority commands that an accused in a court-martial be accorded a completely unfettered and absolute right to change his guilty pleas—after announcement of findings and before imposition of sentence—without reason. We see no valid reason why he, any more than his civilian counterpart, should be permitted to do so. To the extent that the board of review opinions in *Yelverton* and *Blackmon*, both supra, may indicate a contrary result, we expressly decline to follow the same.

We agree with the board of review and hold that requests to withdraw guilty pleas and substitute pleas of not guilty fall within the sound discretion of the law officer or, in an appropriate case, the president of a special court-martial.

## II

There remains the question whether, under the circumstances of this case, the law officer abused his discretion in denying the defense request. We see no reason to dwell at great length on the matter and conclude he did not.

As may be seen from the facts previously set forth, this case was, at the outset, vigorously contested on a not guilty basis. Prior to entry of any pleas, the defense interposed three preliminary motions. Thereafter the initial pleas of not guilty were entered, and trial defense counsel continued the battle on the merits up until the time the prosecution had elicited its most damaging evidence on the offenses the defense characterized as most serious. It was at that point the defense changed its tactics and entered guilty pleas. The meaning and effect thereof were fully explained to accused and in nowise was there the slightest suggestion of any improvidence until accused's testimony in mitigation as to the checks. Those statements were clearly inconsistent with accused's admissions of guilt to the worthless check offenses, and required the law officer to enter pleas of not guilty to the specifications affected.

It was only after the law officer remained adament,[5] even in the face of individual civilian defense counsel's objection to entry of not guilty pleas with regard to the checks, that the defense requested all pleas be changed back to not guilty. As the board of review pointed out, however, the record discloses nothing casting the slightest cloud over the validity of accused's guilty pleas to the remaining offenses. There is no indication of fraud or misapprehension of his legal rights, and neither accused's testimony nor any representation by the defense indicates his pleas to the other offenses were other than provident. It is difficult to imagine how the ultimate question of accused's guilt or innocence of those crimes was in any way affected.[6] Cer-

---

[4] See, in this connection, United States v Hamill, 8 USCMA 464, 24 CMR 274; United States v Brown, 13 USCMA 14, 32 CMR 14.

[5] The law officer's action was, of course, quite proper.

[6] See United States v Shaw, 13 USCMA 144, 32 CMR 144.

tainly it was not in any fashion questioned. Indeed, the sole reason advanced by the defense in support of its request to change the pleas was that the law officer, by insisting accused's pleas of guilty as to the checks be withdrawn against his wishes, had placed accused in a position of no longer being able to throw himself on the mercy of the court.[7]

In the light of the foregoing matters, we agree with the board of review that the law officer did not err ▆▆▆▆ ■ in refusing the defense request. It is to be noted that accused's original pleas of not guilty had already been changed to guilty. While the law officer might have chosen to permit yet another blanket change of pleas back to not guilty, we cannot say he abused his discretion by ruling adversely on the motion. We see little merit, in the posture of this record, in the contention that accused was deprived by the law officer's action of the purported tactical benefit of being able to throw himself on the court's mercy, when his judicial confessions had come· as late in the game and under the circumstances they did. Moreover, even conceding some value, *arguendo*, to the turnabout tactics of accused freely admitting his guilt of all the offenses charged once the preliminary motions and the fight against admitting his confessions had been resolved against him, we cannot accept the defense argument. It was evident to all, including the triers of fact, that no further issue was being pressed as to accused's guilt of the other offenses, and that even his guilty pleas to the check offenses had been withdrawn over his protest. United States v Shaw, 13 USCMA 144, 146, 32 CMR 144.

No irregularity in the pleas of guilty to Charges I and II was shown, nor has any improvidence as to such pleas been asserted. Neither was accused's testimony in anywise inconsistent with them. Nor did the defense then, or even now, assert accused's innocence of the other offenses. The actions of the defense virtually dictated the course followed by the law officer through the time he set aside the guilty pleas on the checks. However, the law officer's action on the defense motion to withdraw all accused's guilty pleas fell within his sound discretion. We hold, in light of the foregoing facts, that he was not compelled to allow the change of plea to all offenses to not guilty upon the defense request, grounded as it was.

The certified question is answered in the affirmative. The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.

---

[7] Cf. United States v Rake, 11 USCMA 159, 28 CMR 383.