**UNITED STATES**

v.

**Jan Murray NEWKIRK, 420 86 5705, Seaman Recruit (E–1), U. S. Navy.**

**NCM 79 1110.**

U. S. Navy Court of Military Review.

Sentence Adjudged 26 March 1979.

Decided 28 Jan. 1980.

LT P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

GREGORY, Judge:

The military judge failed to ascertain whether the written pretrial agreement in this case encompassed all the understandings of the parties. *United States v. King*, 3 M.J. 458 (C.M.A.1977). For this reason, the general court-martial convening authority directed proceedings in revision, including a specific provision that "the accused be advised that he may withdraw his pleas of guilty and enter pleas of not guilty." At the proceedings in revision, appellant attempted to change his pleas and cited the Revision Directive issued by the convening authority as his authority to do so; however, the military judge refused to permit the change in pleas in the absence of a sound reason for doing so, apparently on the basis of paragraph 70*b, Manual for Courts-Martial, 1969 (Rev.)* (MCM).

■ We have previously held that a revision proceeding in which an accused is not afforded an opportunity to plead anew is not the proper remedy for attempting to cure a defective plea bargain inquiry. *United States v. Wurzler*, No. 77 1866 (N.C. M.R. 1 June 1979) (unpublished); *United States v. Dimpter*, 6 M.J. 824 (N.C.M.R. 1979). *See also United States v. Gregg*, 4 M.J. 897, 898 (N.C.M.R.1978), *citing McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In so holding, we have undoubtedly implied that a revision proceeding in which an opportunity to plead anew is afforded could serve as an appropriate method of correcting a defective plea bargain inquiry. We adhere to this view, although there is undoubtedly truth in the statement of Senior Judge Dunbar in his separate opinion that such a procedure "will in all probability produce further complications." A proceeding in revision is not designed to handle the problem of a defective plea bargain inquiry. The proper and recommended course of action is a rehearing. This was the remedy directed in *United States v. King, supra* at 459. *But see United States v. Smith*, 5 M.J. 842 (A.C. M.R.1978); *United States v. Seberg*, 5 M.J. 589 (A.F.C.M.R.1978).

■ Although we believe that revision proceedings could have been sufficient in this case, we conclude that they were not in this instance. As noted by the military judge, the obvious intent of the convening authority in ordering the revision proceeding and in affording the accused an opportunity to withdraw his pleas of guilty and enter pleas of not guilty was "to essentially transport in effect the accused back to the portion of the trial dealing with the *Care* Inquiry." (Record of Proceedings in Revision at 3). After findings and before sentence, the ability of an accused to change his guilty plea to not guilty is subject to the sound discretion of the military judge. Par. 70*b*, MCM; *United States v. Politano*, 14 U.S.C.M.A. 518, 34 C.M.R. 298 (1964). The revision proceeding in this case, however, reverted the trial back to its pre-findings stage. We believe that during the pre-findings stage of the trial an accused has an absolute right to withdraw his pleas of guilty. *See United States v. Politano, supra.*

For this reason, we find that the military judge erred in refusing to allow appellant to change his pleas to those of not guilty. The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General. A rehearing may be ordered.

Judge GLADIS concurs.

DUNBAR, Senior Judge (concurring in part/dissenting in part):

Appellant stands convicted by general court-martial of unauthorized absence from 28 March 1977 through 5 December 1978, in violation of Article 86, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 886. He was sentenced to be discharged from the Navy with a bad-conduct discharge and to be confined at hard labor for a period of 3 months. The sentence was approved by the convening authority and is now before this Court for review.

Appellant's first assignment of error alleges: (a) appellant's guilty plea at trial was improvident because the military judge did not ascertain from either counsel

whether the written pretrial agreement constituted the only understanding among the parties; and (b) the proceedings in revision did not render appellant's pleas provident because his attempt to change his plea during the revision proceeding was rejected by the military judge.

First, I would note that no disagreement exists with regard to the assertion that the military judge did not ascertain from either trial counsel or defense counsel whether the written pretrial agreement constituted the only understanding among the parties.

Prior to the *Elmore-Green-King*[1] series of cases, the military judge was not required to inquire of counsel at a court-martial as to the existence of outside or covert agreements auxiliary to the standard pretrial agreement document before the court.

In *United States v. Green*, however, the High Court, citing Chief Judge Fletcher's concurring opinion in *United States v. Elmore*, 1 M.J. 262 (C.M.A.1974), at 264–5, stated:

> In addition to his inquiry with the accused, the trial judge *should* secure from counsel for the accused as well as the prosecutor their assurance that the written agreement encompasses all of the understandings of the parties and that the judge's interpretation of the agreement comports with their understanding of the meaning and effect of the plea bargain.

*United States v. Green*, 1 M.J. 453, 456 (C.M.A.1976) (Emphasis supplied).

The reasoning of the High Court was that the newly mandated inquiry would provide invaluable assistance to the appellate courts in ferreting out "secret" understandings which "lurk" within the basic pretrial agreement.[2]

Many persons did not consider the High Court's language to be mandatory. A great number of military judges chose to ignore such an inquiry, apparently having no reason to suspect that qualified military counsel, in collusion with the convening authority, would deliberately conceal or negligently fail to reveal a material fact bearing on the proceedings. Ultimately, however, the High Court was confronted with the case of *United States v. King, supra*, in which the military judge failed to secure from the defense counsel, as well as the prosecutor, information that the written agreement encompassed all the understandings of the parties. In *King*, appellate Government counsel acknowledged that such an inquiry had not been made but proposed that the High Court might correct this deficiency without returning the record for a rehearing, the remedy normally utilized in faulty providence inquiry cases under *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.A. 247 (1969).[3] The High Court rebuffed the Government's position with the following language:

> [C]ounsel urge that "substantial" compliance will suffice, and that we should not, absent a showing of a *sub rosa* agree-

---

1. *United States v. King*, 3 M.J. 458 (C.M.A. 1977); *United States v. Green*, 1 M.J. 453 (C.M. A.1976); *United States v. Elmore*, 1 M.J. 262, 264 (C.M.A.1976).

2. Suspicions by the High Court of legal machinations on the part of those administering military justice is not confined to *United States v. Green, supra*. The dissent in *United States v. Booker*, 5 M.J. 246, 248 (C.M.A.1978) (Fletcher, Chief Judge, dissenting) stated:

   The majority opinion for reconsideration fails to allay additional misgivings on my part with the potential for judicial mischief inherent in their broad interpretations of Article 20, UCMJ. Particularly, it is not inconceivable that serious felony charges may be referred to this [summary court-martial] forum because weaknesses in the government case

   may be less subject to exposure at such a hearing without trained counsel, or a lack of funds renders more complex litigation unfeasible. Moreover, it is absurd to assume either justice or military discipline will be served by the dispensing of grossly disproportionate punishments of a lesser nature at summary court-martial for such serious offenses as murder, rape or aggravated assault. Yet, does not the concept of military commanders referring serious murder and rape cases to trial by summary courts-martial seem totally inconsistent with the known facts of military experience?

3. The remedy contemplated by the Government presumably was to send the case back for "revision" proceedings.

ment, declare a plea improvident because of a failure by the trial judge to strictly follow the procedure set forth in *Green*. This is unacceptable because it ignores the basic policies behind *Green* of requiring the trial judiciary to actively participate in and prepare a record for the appellate authorities which satisfactorily demonstrates the absence of such agreements. Since we believe that the whole purpose of *Green*, as set forth earlier in this opinion, is thwarted unless its terms are *strictly adhered to*, we decline either to attempt to "fill in" a record left silent because of the trial judge's omission or to develop a sliding scale analysis whereby "substantial compliance" becomes our standard for review.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A *rehearing* may be ordered.

*United States v. King, supra* at 459 (Emphasis supplied) (footnotes omitted).

In *United States v. Williamson*, 4 M.J. 708 (N.C.M.R.1977), this Court had occasion to consider the meaning and effect of *King*. Therein, the concurring opinion stated:

The majority does not seem to comprehend the true significance of *Green* as finally clarified and finalized in *King*. *King* states that if the military judge does not conduct the prescribed inquiry, *the plea is improvident as a matter of law* and that substantial compliance with the mandate by "fill ins" is unacceptable. Those who believe that an improvident plea can be cleaned up or regenerated by affidavits, inferences, or "fill ins" are merely indulging in wish fancy and compounding an already difficult and complicated situation; *i. e.*, what disposition to make of the many cases now pending wherein the specific technical requirements of *Green* have not been complied with. Moreover, if the corrective action being set in motion by the majority is

untenable, then this matter becomes even more complex and confused.

*Id.* at 711 n.1 (Emphasis added).

In my opinion we are now constrained by the mandatory language in *King* and the procedural consequences flowing therefrom. *The principle of stare decisis must be applied.* The Government argues, and the majority apparently concurs, that *King* states only that the providency of the plea is affected and not that an infirm plea may not be plastered up and revitalized by revision proceedings. I disagree. The time-honored remedy for an improvident plea is a rehearing. To hold otherwise is to manipulate well-established legal procedure and to deceive ourselves in order to alleviate troublesome and irksome legal circumstances over which we have no control. Moreover, to blatantly hold, as a matter of expediency, that a plea declared improvident as a matter of judicial case law can be regenerated by revision proceedings will in all probability produce further complications. For example, some military judges may fail to advise the accused that if the accused elects to plead not guilty then the sentence imposed, upon a finding of guilty, may be no greater than the one imposed at the original proceeding. This too will require return of the record of trial. Moreover, Article 62, UCMJ, 10 U.S.C. § 862 makes it clear that the purpose of a revision proceeding is to clear up "an apparent error or omission in a record". Matters affecting the providency of a plea do not constitute apparent errors and omissions and this should be elementary. To embellish and reconstitute the revision proceeding with new doctrines, purposes and uses for which it was not intended, and which are not provided for in the MCM does not add oil to already troubled legal waters.

Accordingly, I would urge the High Court to both recognize and loosen the inflexible procedural consequences imposed by *King* and thereby liberate and liberalize the inherent authority of the appellate courts to exercise judicial insight, discrimination and

practicality in the disposition of issues such as the one now before us.

In view of the foregoing, I concur in the result.

**UNITED STATES**

**v.**

**Ralph STECK, 071 50 8627, Machinist's Mate Fireman (E–3), U. S. Navy.**

**NCM 79 0902.**

U. S. Navy Court of Military Review.

Sentence Adjudged 13 March 1979.

Decided 31 Jan. 1980.

