# UNITED STATES

v.

**Grant Allen HAYES, 076 56 7730, Airman Apprentice (E–2), U. S. Navy.**

**NCM 80 0434.**

U. S. Navy Court of Military Review.

Sentence Adjudged 3 Oct. 1979.

Decided 10 July 1980.

LT Steven A. Curlee, JAGC, USNR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and DONOVAN, JJ.

CEDARBURG, Chief Judge:

Appellant, before a special court-martial military judge sitting alone, pleaded guilty to nine specifications under a Charge alleging violations of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, as well as to Additional Charge I with one specification also alleging a violation of Article 86, UCMJ. Concerning Additional Charge II, couched as a violation of Article 134, UCMJ, 10 U.S.C. § 934, appellant pleaded guilty to as much of the specification thereunder as alleged he was drunk on the stated date but not guilty to that portion alleging that he was disorderly.

The pleas having been determined provident by the military judge, after an inquiry conducted pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), the Government proceeded in its attempt to prove that portion of Additional Charge II which alleged appellant was disorderly on 7 January 1979. To prove this the Government presented testimony from a Marine staff sergeant who was employed by the Enlisted Men's Club the night of the incident. The witness related how the accused refused to leave when asked, because of inappropriate dress, and how this confrontation with the accused finally resulted in the staff sergeant physically dragging the accused to the Club manager's office, from where station security personnel were called. During recross examination it was elicited from the staff sergeant that he was not qualified to say that the accused was drunk; examination by the court revealed,

however, that the witness was under "some sort of instructions as an employee of the Club not to express opinions as to whether someone is intoxicated."

After hearing this testimony, appellant requested that he be permitted to withdraw his plea of guilty to the portion of Additional Charge II relating to drunkenness "in light of the Government witness' testimony that he's not able to testify regarding whether or not [the accused] was intoxicated on the evening in question. . . ." The following short exchange then took place between defense counsel and the military judge:

MJ: It's my inclination not to consider the circumstances that you relate as being a sufficient reason to permit a change of plea. I'll hear you further on that, if you have anything else to say.

DC: Well, no, sir, it's my understanding of the law, your honor, that if the government is not in a position to prove its case, if the government doesn't have sufficient evidence to substantiate that Airman Apprentice Hayes was intoxicated, that the charge shouldn't have been brought forward anyway.

MJ: However that may be, I will not permit a change of plea, not with the case in this posture. Anything else?

(R.27).

Appellant assigns to us the following summary assignment of error:

THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE REFUSED TO ALLOW APPELLANT TO WITHDRAW HIS PLEA OF GUILTY TO ADDITIONAL CHARGE II.

■ Paragraph 70*b*, *Manual for Courts-Martial, 1969 (Rev.)* (MCM), provides, *inter alia*, that:

If *before the sentence is announced* in a trial by general or special court-martial the accused *asks permission* to withdraw a plea of guilty and substitute a plea of not guilty or a plea to a lesser included offense, the military judge or the president of a special court-martial without a military judge *may, as a matter of discretion*, permit him to do so.

(Emphasis added). The clear import of this provision is that if an accused desires to withdraw a plea of guilty once that plea has been made then he may be permitted to withdraw the plea at any time prior to the announcement of sentence so long as he has asked the military judge for permission to do so and the military judge grants the request; most importantly, however, once the plea has been made it is within the sound discretion of the military judge whether to allow withdrawal of the plea. I believe that this was the interpretation of the predecessor to this provision found in the *Manual for Courts-Martial, 1951* made by the Court of Military Appeals in *United States v. Politano*, 14 U.S.C.M.A. 518, 34 C.M.R. 298 (1964) (discussing the permissive as compared to mandatory language in the former paragraph 70*b*). The critical time after which a plea cannot be withdrawn is the announcement of sentence. The *Manual* makes explicit provision to permit withdrawal of a plea prior to that time at the discretion of the trial judge and no logical reason exists for modifying the *Manual* rule. Although there is a passage in *United States v. Politano, supra,*[1] which is susceptible of interpretation otherwise, when read in context with that opinion as a whole, I believe that neither the author of that decision nor the drafters of either the present or the 1951 *Manual* intended to give an accused an absolute right to withdraw a guilty plea for any or no reason at any particular stage of the proceedings. *Contra, United States v. Newkirk*, 8 M.J. 684, 685 (N.C.M.R.1980).

▮ In view of the foregoing, the military judge's decision to refuse withdrawal of the plea must be tested for an abuse of discretion. The record has been reviewed and I am unable to say that, given the accused's own, clear, acknowledgment during the providency inquiry that he was in fact drunk at the time in question, the military judge's decision was unsound. The trial defense counsel detected some equivocation by the staff sergeant when he was testifying on the degree of appellant's intoxication, and therefore sensed that the Government's case was collapsing on that offense. We share the apparent reaction of the military judge that the station security personnel and the club manager who saw appellant that night were, one or more, available to testify on the intoxication issue.

We therefore see nothing "that is truly inconsistent with his plea," *United States v. Logan*, 22 U.S.C.M.A. 349, 350, 47 C.M.R. 1, 2 (1973); rather we detect just "[t]he mere possibility of inconsistency [which] does not trigger" plea rejection. *United States v. Young*, 2 M.J. 472, 476 (A.C.M.R.1975). No other matters were raised at the time the request for withdrawal was made which were inconsistent with the original plea or which would otherwise cause the plea to be deemed improvident. Accordingly, appellant's sole assignment of error is without merit.

It is noted that the Court-Martial Order incorrectly reports specification 5 of the Charge by repeating specification 4; in fact, specification 5 alleged a failure-to-go offense. A corrected Court-Martial Order shall be issued.

The findings and sentence as approved below are affirmed.

Judge SANDERS and Judge DONOVAN concur.

---

1. That passage follows:

Neither the Uniform Code of Military Justice, the Manual for Courts-Martial, nor any other persuasive authority commands that an accused in a court-martial be accorded a completely unfettered and absolute right to change his guilty pleas—after announcement of findings and before imposition of sentence—without reason.

*United States v. Politano, supra* at 603, 34 C.M.R. at 303.