**UNITED STATES, Appellee,**

v.

**Private First Class William D. LEONARD, SSN 556–31–6860, United States Army, Appellant.**

**SPCM 18858.**

U.S. Army Court of Military Review.

31 Aug. 1983.

Colonel William G. Eckhardt, JAGC, Captain Michael T. Kelly, JAGC, and Captain Peter L. Yee, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Peter M. Donawick, JAGC, were on the pleadings for appellee.

Before CLARKE, SU–BROWN and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

BADAMI, Judge:

Consistent with his pleas, appellant was convicted by a military judge sitting as a special court-martial of wrongful possession and transfer of marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). Again, consistent with his plea, he was found not guilty of the sale of the same marijuana. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement at hard labor for 45 days and reduction to Private E–1.

The issue at bar is whether, after a guilty plea is accepted by the military judge but prior to the entry of findings, the accused has an absolute right to withdraw his pleas of guilty. We hold there is no such absolute right, but rather that such a withdrawal is at the discretion of the military judge upon a showing of good cause.

Appellant entered a plea of guilty to the wrongful possession and transfer offenses and not guilty to the charge of sale. The military judge after conducting a *Care*[1] inquiry into the providence of the guilty plea stated:

MJ: Okay. I find that the plea of guilty was made voluntarily and with full knowledge of its meaning and effect. I further specifically find that the accused has knowingly, intelligently, and consciously waived his rights against self-incrimination, to a trial of the facts by a court-martial, and to be confronted by the witnesses against him. Accordingly, the plea is provident and is accepted. However, Private Leonard, you're advised that you may request to withdraw your plea of guilty at any time before sentence is announced and if you have any sound reason for your request, I'll grant it. Do you understand that?

The military judge deferred entry of the findings of guilty and allowed the government to present evidence relative to the sale specification.

At trial the prosecution was unable to establish a continuous chain of custody for the marijuana allegedly sold by the appellant. The military judge granted appellant's motion for a finding of not guilty regarding the sale specification. Appellant next moved to withdraw his plea of guilty to the possession and transfer offenses. His trial defense counsel argued: first, that an accused has an absolute right to withdraw a plea of guilty prior to the entry of findings of guilty; and, second, assuming that an accused may withdraw his plea only upon a showing of good cause, "the reason [in the appellant's case] is that in the presentation of the government's case, as to sale, it became evident that there was a problem with the chain of custody and tactically I, as defense counsel, intentionally did not ask ... [the purchaser] about the chain of custody. I was not aware that he was going to testify that he gave the evidence to ..." [a former member who was unavailable to testify]. The military judge denied the motion and entered the findings of guilty as to the possession and transfer.

■ The appellant now argues that *United States v. Politano,* 14 U.S.C.M.A. 518, 34 C.M.R. 298 (1969), is authority for the proposition that, by changing the language found in paragraph 70*b,* Manual for Courts-Martial, United States (1951), to its present version, the drafters of the present Manual intended to draw a distinction between the prefindings and sentencing stage, thereby granting an accused an absolute right to

1. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

withdraw a plea for any or no reason so long as the withdrawal of the plea occurred before findings were entered. In *United States v. Hayes,* 9 M.J. 825 (N.C.M.R.1980), the Navy Court of Military Review rejected such a construction and so do we. *Contra, United States v. Newkirk,* 8 M.J. 684 (N.C.M.R.1980). It is the clear import of paragraph 70*b,* Manual for Courts-Martial, United States, 1969 (Revised edition)[2] that an accused has no absolute right to withdraw a plea of guilty prior to sentencing; and the granting of such a motion is within the discretion of the military judge. Such a determination will only be disturbed on a showing of an abuse of discretion.

While a "bright line" test, represented by the announcement of findings has appeal—including that of ease of determination—the real touchstone of this issue lies with the acceptance of the plea under the requisite *Care* inquiry. Thus, where the *Care* inquiry has been properly executed, we believe that an accused is adequately protected by the abuse of judicial discretion standard. When an accused establishes good reason for the requested withdrawal, such as the existence of misrepresentations inducing the plea of guilty or an unresolved factual issue concerning innocence or competency, then it would be an abuse of the military judge's discretion to deny the motion. *See United States v. Crowley,* 529 F.2d 1066 (3d Cir.1976); *United States v. Barker,* 514 F.2d 208 (D.C.Cir.1975). Practical policy reasons support the position we adopt. The first is the desirability of applying a uniform standard to all stages of the proceedings. Second, the desire to avoid prejudice to the government which may, in

reliance on the accused's plea of guilty, release witnesses or court members. The common problems of vanishing evidence or unavailable witnesses, which are often attributable to prolonged delays and postponements are often an unfortunate fact of life for the government's prosecutors. But, even in the absence of actual prejudice to the government, it has generally been held in the federal criminal courts that an accused seeking to withdraw his guilty plea must present some specific reason for doing so, *see, e.g., Santobello v. United States,* 404 U.S. 257, 267–68, 92 S.Ct. 495, 501–02, 30 L.Ed.2d 427 (1971) (Marshall, J., concurring in part and dissenting in part); *United States v. Roberts,* 570 F.2d 999 (D.C.Cir. 1977).[3]

■ Applying these considerations to the case at hand, we cannot say that the military judge abused his discretion in denying the accused's request to withdraw his plea of guilty. The record reveals the accused's own clear acknowledgement during the providence inquiry that he was indeed guilty of possessing and transferring marijuana as alleged. The accused has not denied his culpability, nor does he contend that his plea was coerced, unlawfully induced, or involuntary in any other respect. On the contrary, it appears that the sole basis for the requested withdrawal of the guilty plea was based upon a defect in the chain of custody which may or may not have allowed the accused to escape criminal liability on the charges. This was caused by what appeared to be a sound tactical decision by appellant's counsel. Whether the accused would have prevailed on this defense need not detain us. The decision to

**2.** Paragraph 70*b,* Manual for Courts-Martial, United States, 1969 (Revised edition), provides in part:

 If before the sentence is announced in a trial by general or special court-martial the accused asks permission to withdraw a plea of guilty and substitute a plea of not guilty or a plea to a lesser included offense, the military judge or the president of a special court-martial without a military judge may, as a matter of discretion, permit him to do so.

**3.** In *United States v. Politano,* 14 U.S.C.M.A. 518, 34 C.M.R. 298 (1964), the Court of Military

Appeals noted that the provisions of the Uniform Code of Military Justice and the Manual for Courts-Martial closely paralleled Federal practice under Rules 11 and 32(d) of the Federal Rules of Criminal Procedure. There an appellant does not have an absolute right to withdraw a guilty plea before sentencing if the plea was entered in compliance with Rule 11. Instead, the denial of a motion to withdraw a guilty plea is a matter for the judge's discretion, and the appellant has the burden of establishing an abuse of that discretion on appeal.

plead guilty was made prior to trial and the consequences of the accused's plea were foreseeable. We are not disposed to allow an accused to trifle with the government and gain an unfair advantage. We conclude the military judge did not abuse his discretion in denying the motion to withdraw.

The findings of guilty and the sentence are affirmed.

Senior Judge CLARKE and Judge SU-BROWN concur.

**UNITED STATES, Appellee,**