UNITED STATES, Appellee,

v.

Private First Class Shawn E. SILVER,
003–68–8811, United States Army,
Appellant.

ACMR 9102756.

U.S. Army Court of Military Review.

8 Oct. 1992.

For Appellant: Captain Michael P. Moran, JAGC, Captain David L. Thomas, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Captain Jane F. Polcen, JAGC (on brief).

## OPINION OF THE COURT

De GIULIO, Senior Judge.

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of conspiracy to commit larceny, use and possession of marijuana,[1] larceny of military property, and housebreaking, in violation of Articles 81, 112a, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 912a, 921, and 930 (1982 and Supp. V 1987) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for one year, total forfeitures, and reduction to Private E1. The convening authority approved the sentence.

Appellant asserts that his plea of guilty to the charges of wrongfully possessing marijuana is improvident because the military judge failed to advise appellant of the meaning of "wrongful" and did not elicit a factual predicate to substantiate wrongfulness. He also asserts that the military judge erred to appellant's substantial prejudice by failing to advise him during the providence inquiry and prior to findings of his right to withdraw his plea of guilty with good cause at any time prior to sentencing in accordance with Department of

the Army, Pamphlet 27–9, Military Judges' Benchbook, paragraph 2–20 (15 February 1989) [hereinafter Benchbook]; Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(h)(1) [hereinafter R.C.M.]; and *United States v. Politano*, 34 C.M.R. 298 (C.M.A.1964). We disagree and affirm.

Appellant entered pleas of guilty, *inter alia*, to wrongful use and possession of marijuana. During the providence inquiry, the military judge advised the appellant of the elements of these offenses but did not define the term "wrongful." The military judge elicited from the appellant that he received the marijuana from a person from one of the ships on which appellant was loading military equipment. Appellant admitted that he knew the substance was marijuana, he smoked it in his room, and he left the remains of the marijuana cigarette in an ash tray on his desk. Further, in the stipulation of fact, appellant admitted he knew his use and possession of marijuana was wrongful. Appellant presented nothing which was inconsistent with his pleas of guilty.

When an accused enters a plea of guilty, the military judge must explain to the accused the elements of the offense, elicit from the accused the factual basis of the offense, and insure that the accused fully understands the nature of the offense to which he has pled guilty. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980); *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969). In determining whether a plea of guilty is provident, a structured formalistic procedure is not required. *See United States v. Crouch*, 11 M.J. 128 (C.M.A.1981). The entire inquiry must be examined to ascertain if an accused was adequately advised. *Id.* Thus, in an attempted murder case, failure to advise the accused that the act must be done with the specific intent to kill unlawfully did not render the plea of guilty improvident, where the military judge elicited a fact which established that intent. *United*

---

1. Appellant was charged with use and possession of marijuana in separate specifications. The military judge consolidated the offenses into one specification.

*States v. Peterkin,* 14 M.J. 660 (A.C.M.R. 1982), *pet. denied* 15 M.J. 56 (C.M.A.1982). It has also been held that failure to define "indecent" for the offense of indecent acts was not fatal where the military judge advised the accused of the elements of the offense and the accused described and admitted his indecent acts. *United States v. Colley,* 29 M.J. 519 (A.C.M.R.1989).

In the case before us, examining the entire inquiry, this Court is satisfied that appellant knew his possession and use of marijuana was wrongful. The failure of the military judge to define the term "wrongful" was not fatal. The appellant's plea of guilty was provident.

The military judge also failed to advise appellant that he could withdraw his pleas of guilty at any time before sentence was announced. When discussing appellant's waiver of the investigation pursuant to Article 32, UCMJ, the military judge advised appellant, "Should for some reason you back out of this agreement, in other words you do have the right to do that...."

 An accused does not have an absolute right to withdraw a guilty plea, and granting such a request is in the discretion of the military judge. *United States v. Politano,* 34 C.M.R. 298 (C.M.A.1964); *United States v. Leonard,* 16 M.J. 984 (A.C.M.R.1983). Further, although the Benchbook includes this advice, we find no requirement that it be given. *See* R.C.M. 910(h)(1). Although we find no error in the failure of the military judge to give the advice, we do believe the better practice is for the military judge to do so.

Assuming *arguendo* that the advice was required, we find the military judge's failure to follow the specific language of the benchbook was not fatal. As noted, the military judge did advise appellant he could "back out" of his pretrial agreement. We are satisfied from the record appellant understood he could withdraw his guilty plea. We find no indication he desired to withdraw his pleas of guilty. We find that appellant suffered no prejudice from the military judge's failure to follow the Benchbook in giving this specific advice.

The assertion of error raised personally by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), is also without merit.

The findings of guilty and the sentence are affirmed.

Judge ARKOW and Judge WALCZAK concur.