UNITED STATES, Appellee,

v.

Sergeant Jesus A. ACOSTA, 459–49–6903, United States Army, Appellant.

ACMR 9202107.

U.S. Army Court of Military Review.

8 April 1993.

U.S. Army Field Artillery Center and Fort Sill, H.C. Eggers, Military Judge.

For Appellant: Colonel Malcolm H. Squires, Jr., JAGC, Captain Robin N. Swope, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Major Kenneth T. Grant, JAGC, Captain R.W. Clark, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of resisting apprehension, drunk driving, wrongful appropriation, larceny, assault with a dangerous weapon, assault consummated by a battery (two specifications), and communicating a threat, in violation of Articles 95, 111, 121, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 895, 911, 921, 928, and 934 (1982). He was sentenced to a bad-conduct discharge, confinement for three years and six months, and reduction to Private E1. In accordance with a pretrial agreement, the convening authority approved the sentence but suspended confinement in excess of three years for three years.

Only one error asserted by appellant merits discussion. He asserts that the military judge erred to his substantial prejudice by failing to advise him that he could request to withdraw his guilty pleas at any time before the sentence was adjudged. We disagree and affirm.

The military judge in this case failed to advise appellant concerning this issue in accordance with Department of the Army Pamphlet 27–9, Military Judges' Benchbook, paragraph 2–21 (C3 15 Feb. 1989) [hereinafter Benchbook]. That paragraph of the Benchbook provides, in part, "[W]hile accepting your plea of guilty, I advise you that you may request to withdraw your plea of guilty at any time before sentence is announced and, if you have a good reason for your request, it will be granted."

This same military judge failed to advise an accused of this provision in *United States v. Silver*, 35 M.J. 834 (A.C.M.R. 1992). In *Silver*, this court found no requirement that the military judge must give that advice. We noted that the military judge advised appellant that he could "back out" of his pretrial agreement and found that he understood that he could make that request.

In the case before us, we do not find the rustic advice contained in *Silver*. The pretrial agreement, however, contains the following statement: "I understand that I may request to withdraw the plea of guilty at any time before the sentence is adjudged." The agreement is signed by the trial counsel, defense counsel, and the accused.

We hold, as we did in *Silver*, that there is no requirement for the military judge to advise an accused that he may request withdrawal of his plea of guilty at any time before sentence is announced. Even assuming error, we are convinced by the provision of the pretrial agreement that appellant understood that he could make such a request. Under these circumstances, he suffered no prejudice.

Again, we caution military judges that they should follow the time-tested provisions of the Benchbook. Failure to do so, at best, invites unnecessary appellate litigation and, at worst, may require reversal.

The remaining assertions of error, to include those raised personally by appellant pursuant to *United States v. Grostefon*, 12

M.J. 431 (C.M.A.1982), are also without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.