UNITED STATES, Appellee

v.

Shawn E. SILVER, Private First
Class, U.S. Army, Appellant.

No. 93–0441.
CMR No. 9102756.

U.S. Court of Military Appeals.

Argued March 3, 1994.

Decided Sept. 16, 1994.

For Appellant: *Captain Roy H. Hewitt*
(argued); *Colonel Malcolm H. Squires, Jr.,
Lieutenant Colonel James H. Weise, Major
Fran W. Walterhouse, Captain David L.
Thomas* (on brief); *Colonel Stephen D.
Smith.*

For Appellee: *Captain Jane F. Polcen*
(argued); *Colonel Dayton M. Cramer, Lieu-*

*tenant Colonel Thomas E. Booth, Major
Kenneth T. Grant* (on brief).

*Opinion of the Court*

WISS, Judge:

Pursuant to a pretrial agreement, appellant pleaded guilty at a general court-martial to conspiracy to steal military property, larceny of military property, housebreaking, and using and possessing marijuana (consolidated specification), *see* Arts. 81, 121, 130, and 112a, Uniform Code of Military Justice, 10 USC §§ 881, 921, 930, and 912a, respectively. After full providence inquiry, the military judge accepted the pleas and entered findings consistent with them. Other specifications were withdrawn by the Government, dismissed by the military judge,[1] or combined with those to which appellant pleaded guilty. Thereafter, the judge sentenced appellant to a bad-conduct discharge, confinement for 1 year, total forfeitures, and reduction to the lowest enlisted grade.

Although the military judge had recommended that the convening authority suspend the confinement, the convening authority approved the trial results without modification. After the Court of Military Review affirmed the findings and sentence, 35 MJ 834 (1992), we granted review of the following issue:

> WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED WHEN IT HELD THAT APPELLANT DID NOT HAVE A RIGHT TO WITHDRAW HIS GUILTY PLEA AFTER FINDINGS, AND THAT THE MILITARY JUDGE DID NOT HAVE AN OBLIGATION TO INFORM THE ACCUSED OF A RIGHT TO WITHDRAW WITH THE CONSENT OF THE JUDGE AFTER FINDINGS.

Now, we hold that no error occurred either at trial or on appeal.

Appellant's trial proceedings were markedly uneventful. The providence inquiry into

---

1. Military judges are reminded of *United States v. Sorrell,* 23 MJ 122 n. 1 (CMA 1986).

the tendered guilty pleas was fully adequate, and the eventual treatment of the remaining charges was not contested in any fashion. The only wrinkle, if it can be called that, occurred after findings of guilty had been entered: The military judge noticed that, because an aggravating factor had been pleaded in one of the specifications, the maximum punishment facing appellant actually was 5 years more than he previously had advised. (R. 49.) When the military judge asked appellant whether, nonetheless, he still wished to plead guilty, appellant replied that he did. (R. 50). Rather typical sentence proceedings ensued, without any problems arising.

On appeal, both in the Court of Military Review and in this Court, appellate counsel complains about the military judge's failure to advise appellant that, even after findings had been entered, appellant could withdraw any plea of guilty with the consent of the military judge before the sentence was adjudged. For support, he relies on paragraph 2–20, Military Judges' Benchbook at 2–20 (Dept. of the Army Pamphlet 27–9, Change 3, 15 February 1989), and on RCM 910(h)(1), Manual for Courts–Martial, United States, 1984.

Preliminarily, we point out that the first portion of the granted issue as framed by appellant does not accurately reflect the opinion of the Court of Military Review. The view of that court as to appellant's right to withdraw a plea after findings was that "[a]n accused does not have an *absolute* right to withdraw a guilty plea, and granting such a request is in the discretion of the military judge." 35 MJ at 836 (emphasis added). Indeed, RCM 910(h)(1), upon which appellant relies, is entirely consistent with this observation:

> If after acceptance of the plea but before the sentence is announced the accused requests to withdraw a plea of guilty and substitute a plea of not guilty or a plea of guilty to a lesser included offense, *the mil-*

*itary judge may as a matter of discretion permit the accused to do so.*
(Emphasis added.)

In any event, inasmuch as appellant never sought to withdraw any of his pleas, the relevant issue is not whether his right to do so was absolute or conditional. *Compare id.* and *United States v. Politano,* 14 USCMA 518, 34 CMR 298 (1964) (Article 45(a), UCMJ, 10 USC § 845(a), does not give accused absolute right to withdraw plea after findings but before sentence), *with* Article 45(b) ("This finding [of guilty pursuant to a plea] shall constitute the finding of the court unless the plea of guilty is withdrawn prior to announcement of the sentence, in which event the proceedings shall continue as though the accused had pleaded not guilty."). Rather, the issue is whether, in the absence of any indication at all that appellant may have wanted to withdraw a plea, the military judge erred by not advising him of his right.[2]

The Military Judges' Benchbook, which contains the instruction now urged by appellant as mandatory, is by its own terms only a guide to assist military judges in formulating appropriate instructions in any given case. *See* para. 1–1b, Benchbook, *supra* at 1–2 (1982). Similarly, script in a "guide" that appears as Appendix 8 of the Manual, *supra*—a portion of which reflects advice to an accused that appellant now urges should be given as a matter of law, *see* Manual, *supra* at A8–9—"is not mandatory [but] is intended solely as an aid to users of the Manual for Courts–Martial." Manual, *supra* at A8–1. As for the passing observation in *Politano* that "[r]ecords ... before this Court reflect that" advice akin to that involved here "is frequently given to individuals entering pleas of guilty," 14 USCMA at 522, 34 CMR at 302, that simply is a statement of fact and is several steps away from constituting support for a legal holding like appellant seeks today.

Thus, while we have no quarrel with the admonition of the court below and with the suggestion of the authorities just surveyed that such an instruction is worthwhile, we hold that a military judge does not err by

---

2. We do not decide whether, notwithstanding our decision today, a military judge errs by not advising an accused of a right to withdraw when circumstances after findings have been entered might suggest that an accused so desired.

failing to instruct an accused during the providence inquiry that he may withdraw a guilty plea (at least conditionally) any time prior to imposition of the sentence. *See generally* RCM 910(c) (required elements of advice during providence inquiry).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.