UNITED STATES, Appellee

v

JAMES H. RAKE, Recruit,
U. S. Army, Appellant

11 USCMA 159, 28 CMR 383

No. 13,394

Decided January 15, 1960

*Major Edward Fenig* argued the cause for Appellant, Accused.

*First Lieutenant Allen I. Saeks* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel James G. Mc-Conaughy.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

On his plea of guilty, a general court-martial at Ft. McPherson, Georgia, convicted the accused of five violations of the Uniform Code of Military Justice, including desertion, in violation of Article 85, 10 USC § 885, and adjudged a sentence of dishonorable discharge, total forfeitures, and confinement at hard labor for one year. The convening authority and a board of review affirmed the findings of guilty and the sentence. The case is before us on petition for review on the ground that the law officer erred in refusing a defense request for an instruction in regard to the sentence.

Before sentence was imposed the accused testified in mitigation. He reviewed the emotional circumstances which influenced his decision to desert the service and to commit the other offenses. He concluded his direct testimony with a representation that he felt that if he could stay in the Army he would "serve it right." Both defense and trial counsel presented arguments on the sentence. The substance of defense counsel's remarks is summarized in his plea to the members of the court that "if . . . [they could] possibly find it in . . . [their] hearts that . . . [they] allow this man to remain in the Army." Trial counsel countered the argument by referring to the accused's desertion and noting that "now, all of a sudden" he maintains he can serve honorably. He contended that "an appropriate sentence here must include a punitive discharge."

At the conclusion of the arguments, defense counsel submitted two requests to instruct. One pertained to the voting procedure to be followed by the court in determining the sentence. This request was granted by the law officer, and included in his final instructions. The other request was denied. It reads as follows: "A plea of guilty is a matter in mitigation. It may indicate a step toward rehabilitation." The defense contends the accused was prejudiced by the refusal to give the requested instruction.

Sentence is a vital part of a court-martial proceeding. United States v Allen, 8 USCMA 504, 507, █ 25 CMR 8. During that stage of the trial, the law officer's responsibility to provide guidance to the court-martial is no less than his responsibility in regard to the findings. United States v Strand, 6 USCMA 297, 20 CMR 13. He must be alert to the essentials of a fair trial throughout both stages. Just as he cannot disregard a theory of defense before findings, he cannot minimize matters in mitigation before sentence. There are, however, areas of discretion.

So far as instruction on the sentence is concerned, the basic requirement is that the court-martial be █ properly advised of the legal limitations of punishment. That is not all. Since the court-martial is not bound, except in certain cases, to adjudge a maximum sentence, it is appropriate for the law officer to provide "general guides governing the matters to be considered in determining the appropriateness of the particular sentence." United States v Mamaluy, 10 USCMA 102, 106, 27 CMR 176. However, he is not required to detail each and every matter that the court-martial might possibly consider in mitigation. As we pointed out in United States v Harris, 6 USCMA 736, 21 CMR 58, in connection with a recital of the evidence before findings, "the emphasizing of particular facts by special instructions will often mislead a jury as to their relative importance." The matter is one which rests in the sound discretion of the law officer.

Commonly, some consideration is given an accused merely because he pleads guilty. See Newman, *Pleading Guilty for Considerations: A Study of Bargain Justice*, 46 Journal of Criminal Law 780 (1956). As a re-

sult, an instruction to the effect that the accused's plea of guilty may be regarded a mitigating circumstance is not inappropriate. United States v Friborg, 8 USCMA 515, 25 CMR 19; United States v Mamaluy, supra. Whether such instruction must be given, however, is another question. More than that, it is doubtful indeed that a plea of guilty is a step toward rehabilitation. The incidence of recidivism is too high to regard the plea as an accurate gauge of an affirmative indication of rehabilitation. See Newman, supra. Thus, the law officer was entirely correct in rejecting the latter part of the requested instruction. Assuming he should have granted the first part of the request, his refusal cannot be considered prejudicial on the record before us. The accused had testified at length on the circumstances surrounding the commission of the offenses. The issues he raised were whether the matters which induced him to desert and to commit the other offenses would influence him in his future conduct, and whether he could "soldier" if permitted to remain in the service. His plea of guilty had nothing to do with these issues. Consequently, the refusal to instruct on the mitigating effect of the plea could not have influenced the court in its decision to adjudge a punitive discharge. That it had no significant influence on the period of confinement is evidenced by the fact that while the maximum punishment extended to confinement for five years and seven months, the court adjudged a sentence of confinement for one year. If it was error to fail to advise the court-martial that a plea of guilty may be considered by it in determining an appropriate sentence, the error did not prejudice the accused.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (dissenting):

I dissent.

I believe that my brothers err when they so lightly treat an instruction setting forth an important factor in determining an appropriate sentence for this accused and hold that the law officer did not abuse his discretion in denying the instruction requested by the defense counsel.

The accused pleaded guilty to desertion, in violation of Uniform Code of Military Justice, Article 85, 10 USC § 885, two specifications of absence without leave, in violation of Code, supra, Article 86, 10 USC § 886, and escape from confinement, in violation of Code, supra, Article 95, 10 USC § 895. He was found guilty in accordance with his plea and sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year.

Accused's voluntary and provident plea of guilty involved a pretrial arrangement whereby the convening authority agreed not to approve any sentence which exceeded dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year. Following the findings of guilty, accused set forth the reasons for his repeated absences and his escape. His counsel presented an excellent argument in mitigation and extenuation in which he pointed out the desire of the accused to be retained in the service and the latter's belief that he could now pursue a course of conduct which conformed to the standards required of members of the armed forces. Upon completion of a rebuttal argument by trial counsel, the defense counsel requested that the law officer instruct the court-martial concerning the procedures to be followed during their voting in closed session and that the members also be advised that:

"A plea of guilty is a matter in mitigation. It may indicate a step toward rehabilitation."

The law officer granted the instructions with respect to voting procedures, but denied the requested advice concerning the effect of accused's plea.

Initially, the author of the principal opinion seems to believe that the instruction was correctly denied as it involved " 'the emphasizing of particular facts by special instructions.' " United States v Harris, 6 USCMA 736,

21 CMR 58. But see United States v Amie, 7 USCMA 514, 22 CMR 304. On the other hand, he indicates that "an instruction to the effect that the accused's plea of guilty may be regarded [as] a mitigating circumstance is not inappropriate." With the latter statement, I agree unreservedly. United States v Friborg, 8 USCMA 515, 25 CMR 19; United States v Mamaluy, 10 USCMA 102, 27 CMR 176. In United States v Friborg, supra, at page 516, we noted with approval that "the law officer instructed the court-martial that it could consider the plea of guilty itself 'as a matter in extenuation and mitigation.'" However, the principal opinion subsequently expresses doubt that the plea is in fact a step toward rehabilitation. Common sense alone requires rejection of this assertion for any trial judge or probation officer knows that successful redemption of an individual is initially premised upon his personal recognition of fault. A guilty plea is no more than a solemnly entered confession to that effect. Indeed, the Army itself recognizes the value of the plea as a possible opening step in returning an offender to a useful position in military society. Thus, the suggested instructions on determining an appropriate sentence, contained in Department of the Army Pamphlet No. 27–9, April 1958, Appendix XXXIII, contain the following advice:

> "(A plea of guilty is a matter in mitigation which may be considered along with all the other facts and circumstances in the case. Time, effort, and expense to the Government usually are saved by a plea of guilty. *Such a plea also may be a manifestation of repentance and a first step toward rehabilitation.*)" [Emphasis supplied.]

Moreover, the same belief was expressed by the Acting The Judge Advocate General of the Army in his policy letter suggesting the use of the negotiated plea program within that service.[1]

Finally, the principal opinion asserts that, in any event, the giving of the requested instruction was within the sound discretion of the law officer and that he did not err in refusing to grant it. In my opinion, this position ignores. the fact that the members of the court-martial were furnished with no guidance, other than the maximum punishment which must be adjudged, concerning factors to be considered in determining an appropriate sentence. Indeed, they were not even informed that the question of punishment to be adjudged was one solely within their discretion. While it is true the trial defense counsel adverted to accused's plea as a matter in mitigation, it is equally certain that the court members. know that defense counsel speaks as an advocate. In order properly to perform his duty, he must present all circumstances in the light most favorable to his client. On the other hand, the law officer is looked upon by the court as an impartial source. Thus, when he advises the members that they should give consideration to accused's plea, they will consider it appropriately. Their own observations of the accused and the evidence of his delicts will lead them to accord it such weight as it deserves, but, at least, they will not dismiss it as mere puffing. In sum, then, the law officer had no reason to refuse the instruction and its delivery to the court-martial would have assisted it in reaching a proper sentence. Hence, I would hold he abused his discretion in failing to comply with the defense request or to substitute for it advice which embodied the same concept.

I suppose that much of the reluctance to inform courts-martial of mitigating and extenuating factors at the trial level is engendered by a fear on the part of some law officers that the accused will receive a sentence less than that for which he bargained in the pretrial agreement. If this is a factor affecting the failure appropriately to guide court members, it is to be hoped that it will disappear with the employment of the mature and responsible personnel as-

[1] ". . . For a guilty person to admit his offense represents some progress along the road to rehabilitation, even if he bargained for it." Letter, dated April 23, 1953, JAGM, Department of the Army, to All Staff Judge Advocates, subject: Pleas of Guilty.

signed to the Army's new Law Officer Program. If it does not, it is my belief that the Court should re-examine the use of "bargain justice" and determine whether its evils outweigh its advantages.

I would reverse the decision of the board of review and order a rehearing on the accused's sentence.