UNITED STATES

v.

Airman Basic Robin J. VAUL, FR 465–04–3793, United States Air Force.

ACM 22369.

U. S. Air Force Court of Military Review.

Sentence Adjudged 28 Feb. 1978.

Decided 4 Aug. 1978.

---

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Lieutenant Colonel Larry G. Stephens. Captain James E. Haley filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

Trial defense counsel asserts in the assignment of errors accompanying the accused's request for appellate representation that the military judge committed prejudicial error when, prior to assembly of the court, he excused a court member over defense objection. We find that the objection, made after the court was assembled, was untimely and that the military judge did not abuse his discretion in overruling it.

When the trial counsel completed accounting for the members appointed to the court, the military judge made the following statement:

> For the purpose of the record I will clarify counsel that Captain Watson was notified to be here this morning at 0750, somehow that message might have gotten countermanded I do not know but we have delayed this proceeding almost fifty minutes awaiting his arrival after contacting his organization this morning. I am excusing him counsel and his absence will be reported to his Commander. Proceed.

The trial counsel then accounted for the accused and the court reporter. The military judge gave his preliminary instructions and concluded by asking for comments or objection to what he had said; there being none, the members were sworn and he announced "the court is assembled." Voir dire examination of court members then proceeded for several minutes before the defense counsel made an objection to the military judge's excusal of Captain Watson.

As we recently held in the case of *United States v. Williams,* (A.F.C.M.R. 18 July 1978), the military judge does not have the authority to excuse court members prior

to assembly of the court. This action rests with the convening authority. Paragraph 41d, Manual for Courts-Martial, United States, 1969 (Revised edition). However, if the military judge assumes the authority of the convening authority and excuses a court member prior to assembly, his error is not jurisdictional and the trial may proceed as long as there is a quorum present. Paragraph 41d(3) MCM, supra. On the other hand, if the accused objects to the member being improperly excused, he preserves his rights to be tried by a court composed of members appointed by the convening authority and not lawfully absent or excused. *United States v. Allen*, 5 U.S.C.M.A. 626, 18 C.M.R. 250 (1955); *United States v. Cross*, 50 C.M.R. 501 (A.C.M.R.1975).

■ For the reasons stated in *United States v. Williams*, supra, the military judge's precipitous pre-assembly excusal of the court member, Captain Watson, constituted error. Unlike the situation in *Williams*, however, in the case at hand the defense counsel objected to the unauthorized excusal of the member. Thus, unless the accused's objection was untimely, he is entitled to relief.

Objection at the time the member is excused would, of course, be timely; but at what point in the trial would the defense objection no longer be effective to preserve this right? Obviously, if for nothing more than orderly procedure, there has to be a limitation on the time for objection. Otherwise, if the accused at any time became dissatisfied with the proceedings he could simply object to the unauthorized excusal of the member and terminate the trial. An appropriate time after which the accused would no longer have the right to object would be when the court's preliminary organization is complete and the trial judge announces that the court is assembled. See paragraph 61j and Appendix 8b at A8-11, MCM, supra. This limitation is used in two similar situations relating to the composition of courts-martial: the request for enlisted members and the request for military judge alone. Articles 16 and 25, Uniform Code of Military Justice, 10 U.S.C. §§ 816, 825.

■ Article 25, Code, supra, gives the accused the right, prior to assembly of the court, to request enlisted members to serve on his court-martial. In *United States v. Stipe*, 23 U.S.C.M.A. 11, 48 C.M.R. 267 (1974), the Court of Military Appeals held that the intent of the statute is to give the accused a free choice as to enlisted members until the time of assembly. The military judge has no discretion to refuse to permit the withdrawal of such a request before the court is assembled.

■ Article 16, Code, supra, gives the accused the right, prior to assembly of the court, to request trial by military judge alone. In *United States v. Morris*, 23 U.S. C.M.A. 319, 49 C.M.R. 653 (1975), the Court determined that "assembly" means after the preliminary organization is complete and the trial judge announces that the court is assembled. They also held that the time requirement for the request to be submitted prior to assembly is non-jurisdictional in nature; therefore, an untimely request could be approved by the trial judge, if justified by the circumstances.

In these two situations the accused chooses those who will be the triers of fact. "He cannot be compelled to be tried by military judge alone; likewise an accused cannot be compelled to be tried by a panel with enlisted members." *United States v. White*, 21 U.S.C.M.A. 583, 588, 45 C.M.R. 357, 362 (1972). When organizational matters are concluded, fact finders have been selected, and the court is ready to proceed with matters directly concerned with a trial of the merits, the judge announces that the "court is assembled." At that point, the accused's right of choice is terminated. *United States v. Morris; United States v. Stripe*, both supra.

■ In the case of an unauthorized excusal of a court member, we are also concerned with the composition of the fact finders, for the accused cannot be compelled to be tried by the remaining members. He has the choice of proceeding without the excused members, or requiring the presence

of all the members appointed by the convening authority and not lawfully excused or absent. *United States v. Allen,* supra; *United States v. Williams,* supra; *United States v. Cross,* supra. As in the case of the accused's requests for enlisted members and military judge alone, it is necessary that this right of choice also be terminated before the court becomes directly concerned with the merits. It is only logical that the time provided by statute to terminate these rights also applies to the accused's right to object to the unauthorized excusal of a court member. Therefore, we hold that, to be timely, the objection to the unauthorized excusal of a court member must be made before the court is assembled. However, as the unauthorized excusal of a court member is not jurisdictional in nature, paragraph 41d(3) MCM, supra, it follows that the time of objection to the action would also not be jurisdictional in nature. Thus, an untimely objection can be sustained by the trial judge, if justified by the circumstances. See *United States v. Morris,* supra.

■ In the case at hand, the military judge's excusal of the court member, Captain Watson, was error. However, as there was no objection to the unauthorized absence before the court was assembled, the court properly proceeded with the trial. See *United States v. Allen,* supra; *United States v. Williams,* supra; *United States v. Cross,* supra. The objection of the accused, made after the court was assembled, was considered by the military judge, who held that under the circumstances, it was untimely. We find that the military judge did not abuse his discretion in overruling the objection.

The remaining assertions of error are either without merit or were considered by the staff judge advocate in his review and properly resolved adversely to the accused.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, HERMAN and ORSER, Judges, concur.