UNITED STATES

v.

**Airman First Class David J. BANKS, FR 560–35–9149 United States Air Force.**

**ACM 22423.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 July 1978.

14 March 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert P. Hailey.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain James R. Van Orsdol.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ORSER, Judge.

■ The accused was convicted, consonant with his pleas, of one specification of willfully destroying military property of the United States by applying glue to a drag parachute bag and a pilot parachute,[1] (Charge I and its specification) and, by that same act and despite pleas of not guilty, one specification of sabotage, i. e., attempting to willfully damage an RF–4C aircraft with intent to injure, interfere with, or obstruct the national defense of the United States.[2] (Charge II and its specification). The approved sentence is confinement at hard labor for eighteen months, forfeiture of $398.00 per month for eighteen months[3] and reduction to the grade of airman basic.

One of the principal issues both at trial and on appeal concerns the sufficiency of the evidence to establish beyond reasonable doubt the accused's guilt of the sabotage offense. Although, in our judgment, there is a significant issue as to the accused's specific intent to damage the national defense, on the basis of our agreement with appellate defense counsel that the military judge erred in failing to instruct the court members on a lesser offense included within the sabotage charge, we need not decide such matter.

The evidence pertinent to the issue may be briefly recited. On some date between 28 March and 9 April 1978, the accused and an accomplice named Sherwood,[4] while ostensibly performing aircraft maintenance duties, applied a form of glue to a drag parachute installed in an RF–4C aircraft. On 16 April 1978, the aircraft involved was flown to Nellis Air Force Base, Nevada. Upon landing, the pilot of the aircraft, in accordance with prescribed procedure, activated the mechanism to deploy the drag parachute and decelerate the plane. In consequence of the glue previously applied by the accused and his partner, the chute failed to deploy. Fortunately, in part due to the lengthy runway at Nellis, the pilot was able to bring the aircraft to a safe stop without the drag parachute.

In a pretrial statement, the accused admitted he assisted Sherwood in gluing the parachute. He related that prior to the act Sherwood had discussed with him a desire to damage Air Force property, including aircraft. The accused added that Sherwood's motivation for such mischief was, among other things, a desire to cause work stoppage as an act of revenge against the Air Force. During the conversation Sherwood suggested they "glue the chute." The accused responded to the remark by obtaining a container of glue from his locker. The record is clear that the accused then assisted Sherwood in gluing the drag parachute of an RF–4C aircraft which was in the maintenance dock for an engine change.

As seen, at trial the accused pleaded guilty to willfully destroying the parachute but not guilty to the sabotage offense. In

---

1. In violation of Article 108 of the Uniform Code of Military Justice, 10 U.S.C. § 908.

2. In violation of Title 18, United States Code, Section 2155 and Article 134, Code, 10 U.S.C. § 934, supra.

3. We agree with appellate counsel that the forfeitures are excessive. See Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 126h(2); Air Force Manual 111–1, 2 July 1973, paragraph 7–8d(5). We will rectify this deficiency in our action.

4. Sherwood was tried separately for his role in the incident. At his trial by general court-martial, he pleaded guilty to destruction of the parachute and sabotage and was sentenced to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $175.00 per month for six months and reduction to airman basic. We subsequently affirmed the conviction. United States v. Sherwood, 6 M.J. 925 (A.F.C.M.R. 25 January 1979).

charging the court following presentation of the evidence and argument by counsel, the military judge correctly instructed the members on the elements of the sabotage offense. He gave no instructions as to possible lesser included offenses nor were any requested by counsel. At the conclusion of the instructions, the president of the court inquired about possible lesser included offenses and was informed by the military judge that none were included in the offense charged.

 A military judge is required on a sua sponte basis to instruct the court on the elements of all lesser offenses included in the offense charged if there is evidence from which the fact finders can reasonably infer the accused's guilt of the lesser crime. *United States v. Moore,* 12 U.S.C.M.A. 696, 31 C.M.R. 282 (1962); *United States v. Hunt,* 5 M.J. 804 (A.F.C.M.R.1978). Although the military judge explicitly determined there were no lesser included offenses raised by the evidence, this Court has an independent responsibility to determine whether the accused was deprived of his right to have the fact finders consider all reasonable alternatives of guilt. *United States v. McGee,* 1 M.J. 193 (C.M.A.1975); *United States v. Clark.* 22 U.S.C.M.A. 576, 48 C.M.R. 83 (1973). In this evaluation, the test applied is whether the record contains some evidence to which the court-martial may attach credit. *United States v. Evans,* 17 U.S.C.M.A. 238, 38 C.M.R. 36 (1967); *United States v. Kuefler,* 14 U.S.C.M.A. 136, C.M.R. 348 (1963); *United States v. Hunt,* supra.

 Here, as argued by appellate defense counsel, absent the critical element of intent to injure, interfere with, or obstruct the national defense, the elements which remain constitute the lesser offense of attempting to damage a specified RF–4C aircraft, in violation of Article 80 of the Code, 10 U.S.C. § 880, supra, and subject to the punishment prescribed for the commission of the offense proscribed by Article 108 of the Uniform Code. *United States v. Reyes,* 30 C.M.R. 776 (A.F.B.R.1960), *pet. denied,* 30 C.M.R. 417 (1961). From the evidence presented, even if the fact finders had not been convinced that the accused intended to commit sabotage, they could have reasonably inferred guilt of the lesser included offense of attempted damage to the aircraft implicit in the willful destruction of the drag parachute.[5]

Clearly, therefore, the accused was deprived of his right to have the fact finders consider all reasonable alternatives of guilt.[6] *United States v. McGee,* supra; *United States v. Clark,* 22 U.S.C.M.A. 576, 48 C.M.R. 83 (1973). We must conclude that prejudice is inherent in the military judge's omission of an instruction on the lesser included offense reasonably raised by the evidence. Absent such instruction, we cannot discount the reasonable possibility that the court members were misled in resolving the accused's guilt. *United States v. McGee, United States v. Clark,* both supra; *United States v. Moore,* 16 U.S.C.M.A. 375, 35, 36 C.M.R. 531 (1966).

 We may remedy the instructional deficiency by affirming the lesser included offense we have found to be fairly raised by the evidence. By such means, the accused will derive the benefit of all he could have expected from proper instructions. *United States v. Peterson,* 14 U.S.C.M.A. 441, 34 C.M.R. 221 (1964); *United States v. Hunt,* supra. Having carefully evaluated the evidence, we are convinced beyond a reasonable doubt of the accused's guilt of the lesser

---

5. That the court members were troubled by the "all or nothing" nature of the instructions is indicated in a written inquiry submitted by the president during deliberations that asked: "Does injury, interference or obstruction to one aircraft constitute injury, interference or obstruction to the national defense of the United States?"

6. We disagree with an appellate defense contention that the offense of dereliction of duties in violation of Article 92(3), Code, 10 U.S.C. § 892(3), supra, was also included in the sabotage charge. Dereliction involves willful or negligent failure to perform assigned duties or culpably inefficient performance thereof. Manual for Courts-Martial, supra, paragraph 172c. Manifestly, such delicts are inapplicable in the circumstances of this case.

**504**

included offense of attempted damage to the aircraft in the manner alleged.

■ To assure total fairness to the accused, we will accede to an appellate defense assertion that the military judge erred in omitting the customary sentencing instruction that a guilty plea is a matter in mitigation that may be considered as a manifestation of repentance and a first step toward rehabilitation. See *United States v. Prater,* 20 U.S.C.M.A. 339, 43 C.M.R. 179 (1971); *United States v. Wheeler,* 17 U.S.C.M.A. 274, 38 C.M.R. 72 (1967); *United States v. Rake,* 11 U.S.C.M.A. 159, 28 C.M.R. 383 (1960); *United States v. Hedrington,* 47 C.M.R. 984 (A.F.C.M.R.1973). Despite such finding, however, we perceive no real risk of prejudice to the accused's substantial rights. Although he was convicted of very serious offenses, the punishment imposed did not include a punitive discharge and the quantum of confinement was substantially less than the maximum authorized. In any event, our action on the sentence will eliminate all possibility of lingering prejudice.

The remaining assertions of error are either without merit or are rendered moot by our determination of instructional error. The finding of guilty as to Charge II will be modified to reflect only that the accused attempted to damage RF–4C aircraft number 66401, as alleged, in violation of Article 80, Code, supra. Having reassessed the sentence on the basis of the errors discussed and the entire record, and in further consideration of our determination that the offenses are multiplicious for sentencing purposes, we find appropriate only so much thereof as provides for confinement at hard labor for six months, forfeiture of $265.00 per month for six months and reduction to the grade of airman basic. The findings of guilty and the sentence, both as modified, are

AFFIRMED.

EARLY, Chief Judge, HERMAN and ARROWOOD, Judges, concur.