## UNITED STATES

v.

**Brian D. HUDSON, 515 70 8433, Lance Corporal (E–3), U. S. Marine Corps.**

**NMCM 81 1568.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 28 Jan. 1981.

Decided 24 July 1981.

CAPT Joseph M. Poirier, USMC, Appellate Defense Counsel.

LTJG Joseph J. Portuondo, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, II, JJ.

BAUM, Senior Judge:

Appellant has assigned one error before this Court, that an unsuspended bad-conduct discharge is an inappropriately severe sentence in view of the fact that appellant was convicted of only two minor offenses. I agree. Contrary to the assertions of Government counsel, 8-day and 46-day unauthorized absences are not "lengthy" absences. They are in fact, relatively short. Furthermore, it is noted that for appellant's first year and a half in the Corps he was a good Marine, receiving four sets of proficiency and conduct marks of 4.3 and 4.4 and advancing to lance corporal. As this Court stated in *United States v. Browder*, No. 77 1019 (N.C.M.R. 22 June 1977): "If the accused's record and offense do not warrant a punitive discharge neither his inability to adjust to military service nor his desire for discharge can transform an inappropriate sentence into a just penalty." Finally, we are concerned by the military judge's treatment of the not guilty plea as "some evidence" of appellant's "commitment not to fulfill" his obligation to the Marine Corps and, thus, a factor considered by the judge as justification for the bad-conduct discharge. This was error. While a guilty plea properly may be considered as a matter in mitigation, *United States v. Rake*, 11 U.S.C.M.A. 159, 28 C.M.R. 383 (1960); *United States v. Friborg*, 8 U.S.C.M.A. 515, 25 C.M.R. 19 (1957), the converse does not necessarily follow. A plea of not guilty is not a matter for consideration in aggravation. The bad-conduct discharge is set aside.

The findings of guilty and so much of the sentence as provides for confinement for 45 days, forfeiture of $50.00 per month for 2

months and reduction in rate to E–1 are affirmed.

ABERNATHY, Judge (concurring):

In deciding this case, I find it unnecessary to reach the questions whether appellant's absences were "lengthy" or "minor," or whether his record, together with the offenses, supports the sentence imposed. I cannot affirm a bad-conduct discharge, the imposition of which was premised upon the notion that not guilty pleas are akin to matters in aggravation. Therefore, I join in setting aside the bad-conduct discharge and affirming the findings and remainder of the sentence.

KERCHEVAL, Judge, joins in the concurrence.