**UNITED STATES**

v.

**Rodney E. HARVEY, 287 66 6636, Lance Corporal (E-3), U. S. Marine Corps.**

**NMCM 81 0386.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 19 June 1980.

Decided 30 Oct. 1981.

CAPT Joseph M. Poirier, USMC, Appellate Defense Counsel.

LT Joseph J. Portuondo, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge, and GORMLEY and MAY, Judges.

MAY, Judge:

Appellant was convicted, following the entry of his pleas, at a special court-martial by military judge alone, of wrongful sale of .487 grams of cocaine, wrongful sale of .740 grams of cocaine, and wrongful sale

of .987 grams of cocaine on three separate occasions and dates. These offenses represented three of the original nine specifications alleging violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, referred to trial. Under the terms of a pretrial agreement, the remaining six specifications would be withdrawn by the government upon the receipt of provident pleas of guilty to the above-named offenses, which represented specifications 2, 5, and 8, respectively, under the Charge.

Following arraignment at trial, appellant entered pleas of not guilty to specifications 1, 3, 4, 5, 6, 7, and 9, and guilty pleas only to specifications 2 and 8. (R.7). The trial continued with the providence inquiry conducted by the military judge with the accused in the presence of both counsel. During this inquiry and the accompanying inquiry related to the pretrial agreement, the military judge proceeded as if a plea of guilty had also been entered to specification 5. At the conclusion of the providence inquiry, the military judge found the accused guilty of specifications 2, 5 and 8, although a guilty plea had not been entered as to specification 5. (R.22). Appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, and reduction to pay grade E–1.

The convening authority in taking his initial action on the case, approved the findings of guilty to specifications 2, 5, and 8, and the sentence, with the exception that he approved only so much of the sentence as provided for confinement at hard labor for 53 days, reduction to pay grade E–1, and a bad-conduct discharge. Subsequent to that initial action and the advisement of the staff judge advocate in his posttrial review regarding the obvious defect in the proceedings regarding specification 5, the convening authority modified his initial action. That modification resulted in the convening authority's disapproval of the findings of guilty as to specification 5 and a reassessment of the sentence as initially approved. The convening authority reassessed the sentence in relation to his disapproval action and approved only so much of the sentence as provided for confinement at hard labor for 53 days, and a bad-conduct discharge.

Trial defense counsel in his response to the post-trial review, see *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), contended that the sentence as finally approved did not represent a meaningful reassessment of the sentence, as the disapproval action had reduced significantly the degree of criminality meriting punishment. Citing the lack of any evidence in aggravation and the introduction of significant extenuation and mitigation evidence, trial defense counsel requested disapproval, suspension, or commutation of the punitive discharge. The supervisory authority apparently disagreed, as the findings and sentence as modified and approved by the convening authority were approved and forwarded to this Court for review in accordance with Article 65(b), UCMJ, 10 U.S.C. § 865(b).

Appellate defense counsel assigns error emanating from the failure to meaningfully reassess the sentence of appellant. Citing the relatively small amount of drugs involved in the three alleged offenses and the net amount involved in the findings as finally approved, appellate defense counsel offers the possibility that if appellant had been convicted of only two specifications of sale of a relatively small amount of drugs at trial, the military judge may not have awarded a bad-conduct discharge. Citing *United States v. Gordon*, 18 U.S.C.M.A. 611, 40 C.M.R. 323 (1969), and *United States v. Britton*, No. 80 1859 (N.C.M.R. 6 February 1981), appellate defense counsel offers that the appropriate action for this Court is to set aside the sentence and order a rehearing, or alternatively, to reassess the sentence, disapproving the punitive discharge. We disagree.

The issue of which forum is most appropriate when a sentence is disapproved has been the subject of much appellate discussion. *See Gordon, supra; United States v. Stene*, 7 U.S.C.M.A. 277, 22 C.M.R. 67 (1956); *United States v. Voorhees*, 4 U.S.C.M.A. 509, 16 C.M.R. 83 (1954); *United States v. Usry*, 9 M.J. 701 (N.C.M.R.1980).

However, our analysis of the issues presented in this case make an addressal of the proper forum for curative action on this sentence unnecessary.

■ The accused was convicted at trial of three separate acts involving the sale of a prohibited drug violative of a general regulation. The convening authority correctly disapproved specification 5's guilty finding. He correctly reconsidered his initial action on the sentence. Paragraph 89*b*, MCM. Reassessment of sentence does not mandate reduction. *See United States v. Martinez*, 25 C.M.R. 578 (A.B.R.1957).

■ Arguably, the trial judge sitting alone in the case may not have sentenced the appellant to a punitive discharge if only two convictions for the sale of prohibited drugs were before the court. Arguably, the trial judge may have sentenced the accused to a punitive discharge if only one conviction for the sale of a prohibited drug was before the court. It is the trial court which functions as the initial and statutory forum for determination, following conviction, of an appropriate sentence. Following the trial court's decision, the sentence must be approved by the convening authority and, as in this case involving a punitive discharge, the supervisory authority. Nothing in the record before us indicates that either authority acted arbitrarily or without appropriate consideration of the nature of the two offenses remaining for sentencing consideration, the evidence offered in extenuation and mitigation, and the lack of aggravation evidence.

Our system of military justice, founded upon a desired balance between the rights of the individual service member and the need for a disciplined and effective military force, is not served well by arbitrary or inappropriate interventions into decisions arrived at on the trial level and on review below which are in accordance with the law and reflect appropriate decisions well within the discretionary areas accorded by the law. When such decisions are not made in accordance with the law, this Court will not hesitate to act. Such intervention is neither necessary nor required in this case.

The impact of drug transactions upon the effectiveness of our armed forces has been the subject of recurring comment throughout our national society. It is a matter of great and understandable concern to those within our operating forces as well as to those of us charged with insuring the maintenance of an equitable and effective system of military justice. *See United States v. Trottier*, 9 M.J. 337 (C.M.A.1980). The sale of prohibited drugs represents a significant degree of criminality because of the pervasive and uncontrollable reach and impact of such transactions. The buyer is often unknown, his duty assignments and responsibilities are not the subject of general discussion prior to consummation of such sales. The decision of a seller to participate in and accelerate the infusion of such substances within the structure of his own and other military organizations represents a flagrant and unconscionable disregard for his sworn and unsworn responsibilities to his fellow soldiers, marines, sailors, or airmen, and to the armed forces of his nation.

Certainly an individual decision to acquire and use such substances enervates the effectiveness and readiness of that individual. A seller of such drugs, however, by his active role in the distribution of drugs to others, reflects an utter disregard for the permeating effects of the substances far beyond his individual control and, to the extent it exists, the seller's personal restraint.

It may be, as argued by the appellant, that the disapproval decision regarding one of the three specifications, in effect, reduced the potential sentence by one-third. It may also be, that while one of the three specifications involving separate sales of cocaine was, in effect dismissed, that the act of selling prohibited drugs, in and of itself, represents such a level of criminality that when measured against the individual circumstances of this specific case, taking into consideration all matters in extenuation and mitigation, that a punitive discharge, confinement, forfeitures of pay, and reduction to the lowest enlisted grade is an appropriate sentence for a single selling offense.

---

That issue is not before the Court in this case, and we do not, therefore, rule on it. What is before the Court in this case is whether the findings of guilty and the sentence, as reassessed and approved on review below for two offenses of the sale of a drug prohibited under a general regulation, taking into account all matter offered in extenuation and mitigation by the appellant, is inappropriately severe. We think not. *See Stene, supra* at 72.

In examining the record of trial, I note also that the military judge, prior to announcing the sentence, stated to the accused his considerations regarding the appropriate sentence. The number of the offenses did not appear decisive, but the nature of the offenses did. (R.36). I find this practice commendable and it is supported by a trend within the national judicial community to cite for the record the basis and considerations used in the sentencing decision. M. FRANKEL, CRIMINAL SENTENCES: LAW WITHOUT ORDER (1973); Douglas & Barnes, *What Review Boards Are Doing About The Unjust Sentence*, THE JUDGES JOURNAL (Fall 1980); Note, *Appellate Review Of Primary Sentencing Decisions*, 69 Yale L.J. 1453 (1960). It also provides the appellate review authorities with reference points when examining the critical area of sentence formulation. While nothing in our present system mandates any judicial comment by the trial judge regarding the basis for sentencing decisions, such comment is certainly not prohibited and in my view extremely helpful in analyzing a most critical area of court-martial decision-making. Each sentence, arrived at by a military judge sitting alone, should be capable of justification and comparison.

Accordingly, the findings and sentence as approved on review below are affirmed.

SANDERS, Senior Judge (concurring):

I concur in the result. However, I do not believe that it is wise or desirable for the military judge, except in very rare cases, to explain on the record the basis for the sentence he awards.

Judge GORMLEY (Absent).