## UNITED STATES

v.

## Dwane G. BECKWITH, Jr., 585 13 5339, Lance Corporal (E–3), U. S. Marine Corps.

## NMCM 81 2425.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 2 March 1981.

Decided 25 Feb. 1982.

Capt. W. J. Ciaravino, USMCR, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and KERCHEVAL and MICHAEL, JJ.

MICHAEL, Judge:

At a special court-martial before a military judge alone, the appellant was convicted pursuant to his plea of a ninety-four day unauthorized absence which was terminated by apprehension. During presentencing, he resolutely maintained his desire for a bad-conduct discharge, stating that he had gone on unauthorized absence for the sole purpose of obtaining such a discharge and that he could not—and would not—return to military duty in order to complete his enlistment. In his sworn testimony in extenuation and mitigation, the accused stated his understanding of the baleful consequences of a bad-conduct discharge and, in response to his defense counsel's question, acknowledged that his request for a punitive discharge was contrary to his counsel's advice. He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $100.00 pay per month for three months, and reduction to pay grade E–1. The accused was 19 years old at the time of trial, has a GCT of 133, and has no record of previous disciplinary action. Intermediate reviewing authorities have approved the sentence as adjudged.

Before this Court, appellate defense counsel assigns the following errors:

## I

WHETHER APPELLANT HAS BEEN DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL WHEN TRIAL DEFENSE COUNSEL ELICITS TESTIMONY FROM THE APPELLANT THAT HE DESIRES A BAD–CONDUCT DISCHARGE NOTWITHSTANDING TRIAL DEFENSE COUNSEL'S ADVICE TO THE CONTRARY.

## II

WHETHER THE POST TRIAL REVIEW BY THE STAFF JUDGE ADVO-

CATE WHICH FAILED TO INCLUDE COMMENT ON THE MENTAL RESPONSIBILITY OF THE ACCUSED AT TIME OF THE OFFENSE AND TRIAL RENDERED THE SUPERVISORY AUTHORITY'S ACTION A NULLITY BECAUSE IT FAILED TO COMPLY WITH THE MANDATORY REQUIREMENT OF PARAGRAPH 86(b) [sic] MANUAL FOR COURTS–MARTIAL, 1969 (Rev.).

### III

WHETHER CONVENING AUTHORITY'S FAILURE IN THE FIRST INDORSEMENT TO PROPERLY SET FORTH THE DATE OF THE CONVENING ORDER WHICH CONVENED THIS SPECIAL COURT–MARTIAL WAS A JURISDICTIONAL DEFECT WHICH DIVESTED THIS SPECIAL COURT–MARTIAL OF ITS JURISDICTIONAL BASIS OVER THE OFFENSE.

### I

 In his argument relating to the first assignment, appellate defense counsel advances the proposition that trial defense counsel became enmeshed in a conflict of interest when he elicited a statement from his client that the latter's earnest request for a bad-conduct discharge was contrary to the counsel's advice. He argues that the defense counsel's motivation for eliciting such a statement from the accused was to exculpate the attorney from any charge of misadvice or imagined laxity in his representation. We do not agree. The United States Court of Military Appeals has made clear in *United States v. Weatherford*, 19 U.S.C.M.A. 424, 42 C.M.R. 26 (1970), that, under appropriate circumstances, a defense counsel may assist his client in requesting a sentence which includes a punitive discharge. Those circumstances certainly exist where an accused knowingly and adamantly persists in his desire for a bad-conduct discharge despite his counsel's advice to the contrary, understanding the potential disabilities flowing from such a discharge.

We find the concise argument of government counsel, as contained at page 3 of his reply brief, to be persuasive:

Moreover, the Government fails to see any conflict of interest. It is the right of an accused to request a punitive discharge and for his defense counsel to assist him in that request. *United States v. Weatherford, [supra].* Assuming *arguendo* that disclosure of the fact that the appellant's request for a punitive discharge was contrary to trial defense counsel's advice has the effect of protecting that counsel from future allegations of ineffectiveness no conflict of interest is apparent. It appears to the Government that the "objectives" of the counsel and the client are in perfect harmony. The appellant sought to convince the sentencer that his request for a particular punishment was made after a consideration of its future effects and that it was a serious, intentional request. Consequently, disclosure that he had discussed the matter with his trial defense counsel and that counsel advised against it due to its possible future ramifications simply serves to reinforce the seriousness of the request. If it has the additional result of protecting the counsel from future allegations of ineffectiveness that is hardly a competing or conflicting interest.

Trial defense counsel properly assisted his client in requesting a punitive discharge. He properly argued for minimal other punishment. His representation of the appellant was ethical and effective. *Weatherford, supra.* The asserted error should be rejected.

Accordingly, we do reject Assignment of Error I.

### II

 Turning to Assignment of Error II, we note at the outset that subparagraph 86 *b*(1)(*b*), *Manual for Courts-Martial, 1969 (Rev.)*, requires that a determination of the mental responsibility of the accused at the time of the offense and mental capacity at the time of trial must be made by the officer exercising general court-martial authority prior to his approval of the findings and sentence of a court-martial. It does

not require any particular statement or recitation of opinion to that effect in the staff judge advocate's review.[1]

With regard to this asserted error, we are persuaded, again, by points set forth at page 4 of government counsel's reply brief:

> [G]iven the presumption of regularity in the performance of official acts it may be presumed that in approving the findings and sentence the supervisory authority made the necessary determinations required by the MCM, supra. See generally, United States v. Moschella, 20 U.S.C. M.A. 543, 43 C.M.R. 383 (1971); United States v. Masusock, 1 U.S.C.M.A. 32, 1 C.M.R. 32 (1951). The appellant's assertion that absent an opinion in the review concerning an accused's mental state that no showing of compliance with paragraph 86(b) [sic], MCM, supra may be made is incorrect.

\* \* \* \* \* \*

In any event, coupled with the presumption of regularity in the performance of official duties is the presumption that the supervisory authority reads the record. United States v. Ringor, 3 M.J. 1104 (N.C.M.R.1977). The record is totally devoid of any indication that the appellant lacked mental responsibility at the time of the offense or at the time of trial. Consequently, the presumption of sanity stands unrebutted and it may be further presumed that the supervisory authority so found prior to taking his action on the appellant's case. (footnote omitted).

We concur in this assessment and find no merit in Assignment of Error II.[2]

III

In his third assignment, appellate defense counsel asserts error in the failure of the convening authority to set forth the date of the convening order in his reference for trial, thus not identifying positively the forum having jurisdiction over the instant case. In disposing of this assignment, it is sufficient to observe that the original charge sheet contains the date complained of, having been inserted by hand and accompanied by initials ostensibly those of trial counsel.[3]

The findings and sentence as approved on review below are affirmed.

Senior Judge BAUM and Judge KERCHEVAL concur.

---

1. This is not to say that a thorough staff judge advocate's review should not advert to this issue in each case when advising the general court-martial convening authority. See generally United States v. Hagen, 9 M.J. 659, 660 (N.C.M.R.1980).

2. Additionally, we note that the asserted defect in the staff judge advocate's review was not raised by trial defense counsel in a response pursuant to United States v. Goode, 1 M.J. 3 (C.M.A.1975). Having failed to do so, any such omission is deemed to be waived on further review. United States v. Goode, supra, at 6.

3. Although this assignment is thus resolved, the record reflects that the circumstances of and authority for the reference for trial were clearly stated at the commencement of the trial by trial counsel. The accused raised no objection, nor is there the slightest indication that he was misled or confused. The amended convening order under which he was tried was limited to his trial alone. The omission of the date of the convening order in the first endorsement on page 3 of the charge sheet is not a jurisdictional defect. United States v. Van Evera, No. 80 1735 (N.C.M.R. 30 January 1981).