**UNITED STATES**

v.

**Luther M. WHITMIRE, 466 31 1342, Private (E–1), U. S. Marine Corps.**

**NMCM 81 3428.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 11 May 1981.

Decided 31 March 1982.

LT Lynn M. Maynard, JAGC, USN, Appellate Defense Counsel.

LCDR W. A. Dorsey, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

PER CURIAM:

Appellant has assigned three errors before this Court:

I

APPELLANT'S PLEA OF GUILTY TO BREACH OF RESTRAINT IMPOSED WHILE UNDERGOING THE PUNISHMENT OF CORRECTIONAL CUSTODY WAS IMPROVIDENT SINCE THAT OFFENSE IS NOT A LESSER–INCLUDED OFFENSE WITHIN THE OFFENSE ALLEGED UNDER CHARGE II OF ESCAPE FROM CORRECTIONAL CUSTODY.

II

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT WHEN HE FAILED TO CONSIDER THE OFFENSES MUL-

TIPLICIOUS FOR SENTENCING PURPOSES.

## III

TRIAL DEFENSE COUNSEL'S ACTIVE ASSISTANCE IN APPELLANT'S REQUEST FOR A PUNITIVE DISCHARGE, AND HIS ESTABLISHMENT ON THE RECORD THAT THE REQUEST WAS CONTRARY TO HIS ADVICE, DENIED APPELLANT EFFECTIVE ASSISTANCE OF COUNSEL.

■ Appellant in support of his argument with respect to Assignment I cites *United States v. Greene*, 42 C.M.R. 953 (A.F.C.M.R.1970) for the proposition that breach of restraint during correctional custody is not a lesser-included offense of escape from correctional custody. We are not prepared to accept that proposition without qualification. Even *Greene* recognizes the possibility that the offense of breach of restraint may be included in the offense of escape from custody under certain circumstances.[1] Furthermore, appellant's other citations of authority, paragraphs 70a and 74-b, *Manual for Courts-Martial, 1969 (Rev.)*, do not lead us to necessarily conclude that an offense to which an accused pleads by exceptions and substitutions must be both lesser and included with respect to the offense charged. In any event, it appears from the record that the specification in question was amended at trial, without objection, to conform to appellant's plea and that *United States v. Foret*, No. 74 2090 (NCMR 14 November 1974) would, therefore, resolve the matter.

■ Having said all this, however, we find merit to Assignment II and in light of that error will dismiss Charge II and its specification and will reassess the sentence because we deem such corrective action to be the most judicially economical course to take, under the circumstances of this case.

Assignment of error III is rejected for the same reasons as stated in *United States v. Beckwith*, 12 M.J. 939 (N.M.C.M.R.1982).

The findings of guilty to Charge II and its specification are set aside and the charge dismissed. The remaining findings of guilty are affirmed and the sentence reassessed. Upon reassessment the sentence is deemed appropriate and is affirmed.

ABERNATHY, Judge (concurring):

It is only by reference to gratuitous remarks made by the military judge coincident to his announcement of sentence that we are able to surmise that he may have failed to realize that the offenses under consideration were multiplicious for sentencing purposes.

In fairness to the military judge, it appears that his preachment, although ostensibly directed to the accused, may have been an effort to fend off unseemly speculation by reviewing authorities that his award of a bad-conduct discharge was predicated upon the accused's desires rather than the gravity of the offense and the prior record of the offender.

Whatever the reason, the practice of joining rulings, findings or sentence with explanatory verbiage is injudicious and ought to be avoided. (Cases involving "impeached" sentences are too numerous to require citation. *See also United States v. Hudson*, 11 M.J. 866 (N.M.C.M.R.1981), where the same military judge who heard the instant case equated not guilty pleas to matters in aggravation.) In my view, the last, and best, pronouncement from this Court on this subject can be found in Senior Judge Sanders' concurring opinion in *United States v. Harvey*, 12 M.J. 626, 629 (N.M.C.M.R.1981) where he stated:

"... I do not believe it is wise or desirable for the military judge, except in very rare cases, to explain on the record the basis for the sentence he awards."

I concur in the result.

---

1. *Id.* at 959.