UNITED STATES, Appellee

v.

Edward P. GONZALEZ, Private, U.S. Marine Corps, Appellant.

No. 63,770.
CMR No. 89 2946S.

U.S. Court of Appeals for the Armed Forces.

Submitted Aug. 4, 1994.

Decided Sept. 14, 1995.

For Appellant: *Major Steven P. Hammond,* USMC (on brief); *Lieutenant Michael C. Pallesen,* JAGC, USNR.

For Appellee: *Colonel J. Composto,* USMC; *Commander S.A. Stallings,* JAGC, USN; *Lieutenant Brian B. Rippel,* JAGC, USNR (on brief); *Colonel T.G. Hess,* USMC, and *Captain Laulie S. Powell,* USMC.

PER CURIAM:

1. This is our second consideration of appellant's case.[1] In our prior decision we returned the record of trial to the Judge Advocate General of the Navy for further proceedings to determine whether appellant was competent to participate in his appeal. 31 MJ 433 (1990) (summary disposition). Pursuant to the order of the court below, the military judge who presided over appellant's original trial held a limited factfinding hearing and concluded that appellant was competent.

---

1. Appellant was convicted in 1989 of leaving his place of duty and larceny of military property, specifically an M–16 service rifle, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 USC §§ 886 and 921, respectively. The affirmed sentence extends to a bad-conduct discharge, 4 months' confinement, and partial forfeitures.

2. However, after announcing his findings as to appellant's mental status, he made the following observation:

I will state that, based upon this information, that were I the military judge now of Private Gonzalez having this information in front of me clearly, I would not have sentenced Private Gonzalez without the benefit of further psychological testing and evaluation. Obviously, it was unknown to me at the time, the extent of his prior history of possible mental disease or defect. I did, indeed, rely upon trial defense counsel, presuming that he knew this information. Knowing what I know now, that clearly was, I believe a mistake on my part.

Again, I didn't know, and if I did, I would not have proceeded in the manner that I did. I'm not sure that's a finding of fact. I point that out only for the benefit of the reviewing authorities in deciding what to do with this case now that Private Gonzalez, indeed, is capable of participating in the appellate process.

3. Before the Court of Military Review,[2] appellant then argued that these comments impeached the original sentence. The court below concluded that the comments were violative of Mil.R.Evid. 606(b), Manual for Courts–Martial, United States, 1984, and as such could not be received to evaluate the legality or appropriateness of the sentence. 1993 unpub. op. at 2. Based on the evidence of record—including that presented at the limited factfinding hearing—the Court of Military Review then conducted its own sentence reevaluation and again affirmed the sentence approved by the convening authority. Art. 66(c), UCMJ, 10 USC § 866(c).

■ 4. We agreed to review the Court of Military Review's decision not to consider the

military judge's statement.[3] On further consideration, we hold that the judge's statement did not undermine the legality of the original sentence and that the Court of Military Review did not err in refusing to consider it. Other than to assure ourselves that no Mil.R.Evid. 606(b) issues were raised, we also do not consider the military judge's statement.

5. Mil.R.Evid. 606(b) excludes evidence concerning deliberations on the verdict or sentence of a court-martial (or other trial) except in a case where there is an inquiry as to:

(1) "whether extraneous prejudicial information was improperly" given to the sentencing authority;

(2) "whether any outside influence was improperly brought to bear" on the sentencing authority; or

(3) whether "unlawful command influence" infected the proceedings.

*See also* RCM 1008 (sentence "proper on its face may be impeached only when" one or more of the three Mil.R.Evid. 606(b) factors occurs).

■ 6. Mil.R.Evid. 606(b) covers post-trial inquiries into the basis of a sentence adjudged by a military judge, as well as one imposed by members. *United States v. Rice*, 25 MJ 35 (CMA 1987), *cert. denied*, 484 U.S. 1027, 108 S.Ct. 752, 98 L.Ed.2d 765 (1988). While the comment by the military judge in this case does not constitute "testimony" in a court proceeding, the same analysis is applicable. His comment relates directly to his deliberative process in the first proceeding. Needless to say, none of the Mil.R.Evid. 606(b) factors was present. The most that can be said about the judge's statement is that, as a result of the further hearings into

2. *See* 41 MJ 213, 229 n. * (1994).

3. The granted issues were:

I

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED BY FAILING TO ORDER A NEW SENTENCE PROCEEDING IN LIGHT OF THE MILITARY JUDGE IMPEACHING THE SENTENCE OF THE COURT–MARTIAL.

II

WHETHER THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW JUDGES' FITNESS REPORTS DEPRIVES THAT COURT OF ITS INDEPENDENCE AND THE APPEARANCE OF INDEPENDENCE.

As to the second granted issue, *see* 41 MJ 340 n. 1 (1995).

appellant's mental state, he realized that, were he to reconsider his sentence, there were additional lines of inquiry that might be pursued.

■ 7. But at that stage it was not his prerogative to reconsider the sentence. He was only asked to decide whether appellant was competent to assist in his appeal, not to resentence him. It does not appear, moreover, that anything presented at the limited factfinding hearing was sufficient to warrant a rehearing on sentence or to call into question the adequacy of trial defense counsel's representation. Thus, we hold that the court below was correct in concluding that it should not consider the military judge's observation in evaluating the correctness in law and fact of the sentence.

The 1993 decision of the United States Navy–Marine Corps Court of Military Review is affirmed.