UNITED STATES

v.

Jason C. LENTZ, Aviation Electrician's Mate Second Class (E–5), U.S. Navy.

NMCM 99 00433.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 21 Aug. 1998.

Decided 12 Jan. 2001.

Capt Curtis M. Allen, USMC, Appellate Defense Counsel.

LT James E. Grimes, JAGC, USNR, Appellate Government Counsel.

Before DeCICCO, Chief Judge, OZMUN, and ANDERSON, Appellate Military Judges.

DeCICCO, Chief Judge:

Petty Officer Lentz was convicted, in accordance with his pleas, by a general court-martial of making a false official statement, five specifications of assault with a means likely to produce death or grievous bodily harm, six specifications of assault consummated by a battery upon a child under the age of 16 years, assault consummated by a battery upon his wife, and two specifications of adultery in violation of Articles 107, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 928, and 934. The military judge sentenced him to confinement for 18 years, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved only so much of the sentence as included confinement for 12 years, reduction to pay grade E–1, and a dishonorable discharge.

Before addressing the assigned errors, we have noted an error in the convening authority's action. Although the pretrial agreement did not limit the amount of confinement to be approved, it did require the convening authority to defer and waive automatic forfeitures of pay under Article 58b, UCMJ, 10 U.S.C. § 858b. Appellate Exhibit III at 1. In spite of the recommendation of the staff judge advocate, the convening authority for some reason did not do so in his action. We direct that appropriate authorities determine whether the appellant suffered any forfeitures of pay under Article 58b, UCMJ, and if he has, that such forfeitures be restored according to the pretrial agreement.

Appellate defense counsel raises five issues in this appeal. We find no merit in them, and conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Alleged Post–Trial Comments of the Military Judge

The second and fourth assignments of error are related, and we will address them together. In these issues, the appellant claims the military judge adjudged an illegal sentence and erred by disregarding evidence of the appellant's good military character. The basis for these assigned errors is contained in trial defense counsel's post-trial response to the staff judge advocate's recommendation and petition for clemency. He stated in this document that within an hour after the court-martial, the military judge approached him to discuss the case. He said that another military attorney was also present. He wrote:

> The military judge described how she arrived at the sentence of eighteen years of confinement. She said that she believed the offenses warranted about six years confinement for each of the three children ... that AE2 Lentz assaulted. (Six multiplied by three equals eighteen.)

Clemency Request of 8 Jan 1998 at 3. The defense counsel then pointed out the difference in the nature and number of offenses the appellant had committed upon each of his three children. In the case of ZL, the appellant had pleaded guilty to five specifications of assault with a means likely to produce death or grievous bodily harm and two specifications of assault consummated by a battery upon a child under the age of 16 years, which offenses authorized 19 years of confinement. As for his other two children, PL and JL, the appellant had pleaded guilty to two specifications each of assault consummated by a battery upon a child under the age of 16 years, which meant the maximum authorized confinement for the offenses committed on each child was four years. Therefore, the military judge could not sentence him to six years for the offenses upon each of the chil-

dren because the maximum was only four years in the cases of two of the three. He also stated that the military judge "abused her role as the sentencing authority" because she also told him at the same meeting that "she gives little weight to good military character evidence for mitigation in child physical assault cases." *Id.*

The military judge, while acknowledging that she spoke with the defense counsel after trial, denied in an affidavit to us that she made either of the statements. She said she could not understand how the defense counsel could have mistaken her comments. She said she made some "generic, general statements" about the sentence, but did not state that she gave six years for each of the three child victims. As for the other alleged statement, she said she only stated that general good military character evidence does not carry the same weight in cases involving common law felony cases as it does in purely military offenses. She adamantly denied stating that she did not consider good military character evidence. In a subsequent sworn affidavit, the defense counsel reasserted that the military judge had made the statements he attributed to her in his post-trial submission to the convening authority.

■ Although we have considered ordering a limited fact-finding hearing to resolve the matter, upon further consideration, we hold that such a hearing is unnecessary because the out-of-court post-trial statements of the military judge, even if made as alleged by the defense counsel, may not be considered in evaluating the correctness of the sentence in law and fact. *United States v. Gonzalez*, 42 M.J. 373, 374–75 (1995); *see also Fayerweather v. Ritch*, 195 U.S. 276, 306–07, 25 S.Ct. 58, 49 L.Ed. 193 (1904). MILITARY RULE OF EVIDENCE 606(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), excludes evidence concerning deliberations on the verdict or sentence of a court-martial except where there is an inquiry as to:

(1) whether extraneous prejudicial information was improperly given to the sentencing authority;

(2) whether any outside influence was improperly brought to bear on the sentencing authority; or

(3) whether unlawful command influence infected the proceedings.

*Id.* The alleged comments of the military judge in this case relate directly to her deliberative process in determining the appellant's sentence. None of the Mil.R.Evid. 606(b) factors was present. Therefore, the alleged comments will not be found to impeach the sentence or form a basis for determining that it was "illegal" as the appellant now alleges. The maximum legal sentence in this case included confinement for 34 years and 6 months. The adjudged sentence of 18 years was therefore not illegal. Moreover, even if it were to be found that the military judge's comments could be considered, we would find no prejudice to the appellant in view of the convening authority's reduction of his term of confinement from 18 years to 12 years. Art. 59(a), UCMJ.

■ We conclude that the second and fourth assignments of error lack merit. We take this opportunity, however, to reiterate then Judge Cox's admonition to the trial judiciary in *United States v. Copening*, 34 M.J. 28, 29 n. (C.M.A.1992), to avoid discussions after trial in cases where there is any possibility of future action. *See, United States v. Harvey*, 12 M.J. 626, 629 (N.M.C.M.R.1981)(Sanders, S.J., concurring). If a military judge believes it is necessary to discuss the case with counsel, we recommend that the military judge be circumspect and sensitive as to what is stated, and that counsel from both sides be present during the meeting.

### Duration of Deliberation on Sentence

In his first assignment of error, the appellant argues that the military judge erred because she deliberated only 20 minutes [1] on sentence after receiving over 100 pages of exhibits, hearing the testimony of seven wit-

---

1. The record of trial reflects that the military judge deliberated on the sentence for 30 minutes.

Record at 164.

nesses, and extensive argument. He submits that this created both actual unfairness and the appearance of unfairness in the court-martial. We disagree.

■ A trier of fact is not required to deliberate for any set length of time. Brief deliberation, by itself, does not necessarily show that the trier of fact failed to give full, conscientious, or impartial consideration to the evidence. *Wilburn v. Eastman Kodak Co.*, 180 F.3d 475, 476 (2d Cir.1999). There is no rule that requires a trier of fact to deliberate for any set time. *Ahern v. Scholz*, 85 F.3d 774, 785 (1st Cir.1996); *United States v. Penagaricano-Soler*, 911 F.2d 833, 846 (1st Cir.1990). Neither the Uniform Code of Military Justice nor the Manual for Courts-Martial requires the fact-finder to deliberate for any particular length of time, whether it be on findings or sentence. *See United States v. Pena*, 11 M.J. 509, 510 (N.M.C.M.R.1981)(finding no prejudicial error where the court members deliberated for five minutes before finding the accused guilty of several drug offenses).

■ We also conclude there is no actual unfairness or any appearance of unfairness in this case based on the length of time of deliberation. The military judge, who enjoys the presumption of knowing and properly applying the law, heard all of the evidence and argument, and deliberated for 30 minutes on the sentence. The appellant has not convinced us that this was unfair or appeared unfair.

## Unreasonable Multiplication of Charges

■ The appellant also argues that the charges against him were unreasonably multiplied. The appellant engaged in acts of violence against his three children (ZL, JL, and PL) from early 1995 to late 1997. Specifications 1 and 2 of Charge I involved offenses against ZL by suffocating him on divers occasions between October 1995 and June 1996 in Virginia Beach, Virginia, and between June 1996 and December 1997 in Keflavik, Iceland, respectively. Specifications 4 and 5 under Charge III involved offenses against ZL by kicking and striking him on divers occasions between January 1995 and June 1996 in Virginia Beach, Virginia, and between June 1996 and November 1997 in Keflavik, Iceland, respectively. Specifications 7 and 8 under Charge III involved offenses against JL by striking and pushing him on divers occasions between January 1995 and June 1995 in Virginia Beach, Virginia, and between June 1996 and November 1997 in Keflavik, Iceland, respectively. Finally, Specifications 9 and 10 under Charge III involved offenses against PL by striking her with a belt on divers occasions between January 1995 and June 1996 in Virginia Beach, Virginia and between June 1996 and November 1997 in Keflavik, Iceland, respectively.

The appellant pleaded guilty to all of these assaults and did not argue unreasonable multiplication of charges at trial. Applying the factors contained in *United States v. Quiroz*, 53 M.J. 600, 607 (N.M.Ct.Crim.App.2000)(en banc), *certificate for review filed*, 53 M.J. 256 (2000), we have concluded that the charges were not unreasonably multiplied in this case. As stated, the appellant did not object at trial, each specification was aimed at distinct criminal acts, the number of charges and specifications did not misrepresent or exaggerate the appellant's criminality, the number of charges and specifications did not unfairly increase his punitive exposure, and there is no evidence of prosecutorial over-reaching or abuse in the drafting of the charges. In fact, we believe the prosecution was actually more conservative in drafting the charges than it could have been under the circumstances of this case. It was not required to join the offenses into fewer specifications than it did. Many of the specifications involved several assaults, and thus the manner in which they were charged worked to the appellant's benefit. Therefore, we find no merit in his assertion of unreasonable multiplication of the offenses.

## Sentence Appropriateness

■ In his final assignment of error, the appellant argues that his punishment of a dishonorable discharge and confinement for 18 years is inappropriately severe. Appellant's Brief and Assignments of Error of 27 July 2000 at 13. As noted above, the convening authority, after considering the clemency

petition, reduced the period of confinement to 12 years.

We have carefully considered the appellant's arguments that he was abused as a child, that he has recently been alcohol-free, and that he has learned to control his anger. We have also considered his 10–year record of service and his awards. However, we have also carefully considered the nature of his offenses that involved the vicious physical abuse of his young defenseless children for a period of years, and his false statement to medical care providers as to the cause of ZL's injury to his mouth. We have also considered the appellant's assault on his wife and his infidelity to her, as contained in the two specifications of adultery. Based on these considerations and the entire record, we do not find the sentence, as approved by the convening authority, to be inappropriately severe. These were serious offenses, occurring over an extended period, that will have a lasting effect on the appellant's children.

### Disposition

The findings and sentence, as approved on review below, are affirmed. As stated above, any automatic forfeitures of pay, which were to be deferred and waived, shall be restored under the terms of the pretrial agreement.

Judge OZMUN and Judge ANDERSON concur.